1 | Charles R. Messer (SBN 101094)
  | messerc@cmtlaw.com
2 | **CARLSON & MESSER LLP**
  | 5901W. Century Boulevard, Suite 1200
3 | Los Angeles, California 90045
  | (310) 242-2200 Telephone
4 | (310) 242-2222 Facsimile

5 | Attorney for Defendants,
  | GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU;
6 | CARLSON & MESSER, LLP; TAMAR G. ELLYIN
  | (erroneously sued as "TAMAR GABRIEL");
7 | DAVID J. KAMINSKI (erroneously sued as
  | "DAVID KAMINSKY")

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| CARL A. WESCOTT, | CASE NO.: |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU; CARLSON & MESSER, LLP; TAMAR GABRIEL; DAVID KAMINSKY; | |
| Defendants. | |

Defendants GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU; CARLSON & MESSER, LLP; TAMAR G. ELLYIN (erroneously sued as "TAMAR GABRIEL"); DAVID J. KAMINSKI (erroneously sued as "DAVID KAMINSKY"), hereby file this notice of removal under 28 U.S.C. §1446(a).

**INTRODUCTION**

1.   Defendants are GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU; CARLSON & MESSER, LLP; TAMAR G. ELLYIN (erroneously sued as "TAMAR GABRIEL"); DAVID J. KAMINSKI (erroneously sued as "DAVID KAMINSKY") (hereinafter collectively referred to as "Defendants") which are all represented by Carlson & Messer, LLP; Plaintiff is CARL A. WESCOTT ("Plaintiff").  Therefore, all of the named Defendants consent to removal of this case.

{00090728;1}                                          1

2.   Upon information and belief, Plaintiff initially filed this case on November 16, 2017 in the Superior Court of California, County of San Francisco, Case No. CGC-17-562529. However, the original Complaint was never served upon the Defendants, nor have they appeared in that action.

3.   Upon information and belief, Plaintiff subsequently filed a First Amended Complaint on March 22, 2018. A true and correct copy of Plaintiff's Summons and First Amended Complaint ("FAC") is attached hereto as Exhibit "A." A true and correct copy of all the pleadings filed to date, in Case No. CGC-17-562529, including Plaintiff's original Complaint, are attached hereto as Exhibit "B."

4.   On April 16, 2018, an unidentified person arrived at Defense counsel's law firm, Carlson & Messer, LLP, located at 5901 W. Century Blvd., Suite 1200, Los Angeles, CA 90045 and attempted personal service of Plaintiff's FAC upon Defendant David J. Kaminski and Defendant Tamar G. Ellyin. However, as both Mr. Kaminski and Ms. Ellyin were out of the office, the unidentified person left copies of the FAC at the unattended front desk of the firm's lobby, thereby attempting what appears to be substituted service of Plaintiff's FAC. However, Plaintiff's attempt for substituted service was improper as Plaintiff never mailed a copy of the FAC. Additionally, Plaintiff has not yet filed a proof of service. Defendants therefore preserve their right to challenge Plaintiff's defective and improper service of his FAC.

5.   The thirty-day period for filing a notice of removal is triggered when the defendant first receives formal service of process. *Integrity Inv. Grp., LLC v. McLean*, No. C07-06221 JSW, 2008 WL 820676, at *1 (N.D. Cal. Mar. 26, 2008) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)). "Receipt" of the complaint by any other means is not sufficient to start the removal period. *Murphy Bros.,* 526 U.S. at 354, 119 S.Ct. at 1329.

6.   Even if unserved, a defendant may remove to federal court any time before the removal period ends. *See Novak v. Bank of New York Mellon Trust Co., NA*. (1st Cir. 2015) 783 F3d 910, 911. Even though Defendants deny that they were properly served with the FAC, if there is any remote possibility that service of the FAC could be deemed complete as to all Defendants on April 16, 2018, the deadline to remove is May 16, 2018.

Therefore, Defendants file this notice of removal well within the 30-day time period required by 28 U.S.C. §1446(b), and as extended via FRCP 6. *See, e.g., Student A. v. Metcho*, 710 F. Supp. 267, 268 (N.D. Cal. 1989)(holding that pursuant to FRCP 6(e), service was complete for purposes of removal thirty-three days after service by mail).

## A. BASIS FOR REMOVAL

7. Removal is proper because Plaintiff's claims involve a federal question. 28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). Specifically, Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA") and filing a fraudulent information return under 26 U.S.C. § 7434; this is an action in which this Court has original jurisdiction under 28 U.S.C. § 1331. Thus, Plaintiff's claims may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a). This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

9. Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

## B. JURY DEMAND

10. Defendants demand a jury trial.

## C. CONCLUSION

11. Defendants respectfully request removal of this action as it involves a Federal question under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* and 26 U.S.C. § 7434.

DATED: May 14, 2018                **CARLSON & MESSER LLP**

By: /s/ Charles R. Messer
    Charles R. Messer
    Attorney for Defendants,
    GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU; CARLSON & MESSER, LLP; TAMAR G. ELLYIN (erroneously sued as "TAMAR GABRIEL"); DAVID J. KAMINSKI (erroneously sued as "DAVID KAMINSKY")

# CERTIFICATE OF SERVICE

I, Charles R. Messer, hereby certify that on this 14th day of May, 2018, a true and accurate copy of the foregoing Notice of Removal; Exhibits A and B; Civil Cover Case Sheet and Certification of Interested Parties were served via US Mail on the Following:

Carl Alexander Wescott
PO Box 190875
San Francisco, CA 94119
Tel: (415) 335-5000

*In Pro Per*

/s/Charles R. Messer
Charles R. Messer
CARLSON & MESSER LLP