# Exhibit (B)

Contact Us

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO

Case Number: CGC17562529
Title: CARL A WESCOTT VS. GILA, INC. DBA MUNICIPAL SERVICES BUREAU ET AL
Cause of Action: CONTRACT/WARRANTY
Generated: 2018-05-10 2:41 pm

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

Please Note: The "View" document links on this web page are valid until 2:51:42 pm
After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)

# Register of Actions

Show 10 ▼ entries                                                           Search:

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| 2018-04-30 | NOTICE OF UNAVAILABILITY OF PRO PER ON MAY-05-2018 THROUGH MAY-10-2018 ALSO MAY 16 THROUGH MAY 30; JUNE 16 THROUGH JUNE 24; JUNE 27 THROUGH JULY 3; AUGUST 1 THROUGH AUGUST 7TH 2018 FILED BY PLAINTIFF WESCOTT, CARL A | View | |
| 2018-03-29 | CASE MANAGEMENT CONFERENCE OF APR-18-2018 CONTINUED TO JUN-27-2018 AT 10:30 AM IN DEPARTMENT 610. NOTICE SENT BY COURT. | View | |
| 2018-03-26 | CASE MANAGEMENT STATEMENT FILED BY PLAINTIFF WESCOTT, CARL A JURY DEMANDED, ESTIMATED TIME FOR TRIAL: 3.0 DAYS | View | |
| 2018-03-22 | 1ST AMENDED COMPLAINT FILED BY PLAINTIFF WESCOTT, CARL A AS TO DEFENDANT GILA, INC. DBA MUNICIPAL SERVICES BUREAU DOES 1 TO 25 CARLSON & MESSER LLP GABRIEL, TAMAR KAMINSKY, DAVID | View | |
| 2018-03-19 | DECLARATION FOR THE COURT WITH A QUICK CASE UPDATE FILED BY PLAINTIFF WESCOTT, CARL A | View | |
| 2017-11-16 | ORDER (FILED ON 11/15/17) - ORDER GRANTED TO FILE NEW LITIGATION BY VEXATIOUS LITIGANT | View | |
| 2017-11-16 | (FILED ON 11/15/17) APPLICATION FOR PRE-FILING APPROVAL; DECLARATION FILED BY PLAINTIFF WESCOTT, CARL A | View | |
| 2017-11-16 | NOTICE TO PLAINTIFF | View | |
| 2017-11-16 | CONTRACT/WARRANTY, COMPLAINT FILED BY PLAINTIFF WESCOTT, CARL A AS TO DEFENDANT GILA, INC. DBA MUNICIPAL SERVICES BUREAU DOES 1 TO 25 SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR APR-18-2018 PROOF OF SERVICE DUE ON JAN-16-2018 CASE MANAGEMENT STATEMENT DUE ON MAR-26-2018 | View | $IFP |
| 2017-11-16 | REQUEST TO WAIVE COURT FEES AND COSTS PURSUANT TO G.C. 68633, CRC 3.51, 8.26, AND 8.818 (CONFIDENTIAL) FILED BY PLAINTIFF WESCOTT, CARL A ORDER FOR WAIVER OF COURT FEES AND COSTS GRANTED PURSUANT TO G.C. 68634 (E), CRC 3.52 | | |

Showing 1 to 10 of 10 entries                                   Previous  1  Next



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Nov-16-2017  9:14 am

Case Number: CGC-17-562529

Filing Date: Nov-16-2017 8:47

Filed by:  ROSSALY DELAVEGA

Image: 06108034

COMPLAINT

CARL A WESCOTT VS. GILA, INC. DBA MUNICIPAL SERVICES BUREAU ET AL

001C06108034

**Instructions:**

Please place this sheet on top of the document to be scanned.



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Gila, Inc.   d/b/a MUNICIPAL SERVICES BUREAU
DOES 1 to 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Carl A. Wescott

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:                                      CASE NUMBER: **CGC 17-562529**
*(El nombre y dirección de la corte es):* 400 McAllister ;an Francisco Superior Court
San Francisco, CA 94102        :ivic Center Courthouse
                              :00 McAllister Street, Room 103
                              :an Francisco  CA 94102-4514

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carl A. Wescott, PO Box 190875, San Francisco, CA 94119

DATE: **NOV 16 2017**         CLERK OF THE COURT    Clerk, by _____, Deputy
*(Fecha)*                      *(Secretario)* _____ DE LA VEGA-NAVARRO, Rossaly    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



1   Carl A. Wescott
    PO Box 190875
2   San Francisco, CA 94119
    *in propria persona*
3   +1 415 335 5000
4

FILED
San Francisco County Superior Court

NOV 16 2017

CLERK OF THE COURT
BY:_____
Deputy Clerk

5
6                    SUPERIOR COURT OF CALIFORNIA
7                      COUNTY OF SAN FRANCISCO
8
9   CARL A. WESCOTT                      Case No. **CGC-17-562529**
            Plaintiff,
10
                                         COMPLAINT FOR BREACH OF
11      vs.                              CONTRACT
12  GILA, INC d/b/a MUNICIPAL SERVICES
    BUREAU
13          Defendant + DOES 1 to 25
14
15
16  **The Parties**
17
18      1.  Plaintiff, Carl A. Wescott, an individual, has resided in the San Francisco, California,
19          Bay Area for many years.
20      2.  Defendant, Gila, Inc. (DBA Municipal Services Bureau) is a private company in Austin,
21          TX, doing business as a debt collection company for third party debt recovery, including
22          for the two related parties below.
23      3.  Related party, City of San Francisco is a California Municipal Corporation acting by and
24          through its agents including the San Francisco Mass Transit Authority ("SFMTA").
25
26      4.  Related party, SFMTA is a state agency created by the consolidation of the San Francisco
27          Municipal Railway, the Department of Parking and Traffic and the Taxicab Commission.
28

5.  The true names and capacities, whether individual, corporate, associate, or otherwise of defendants named herein as Does 1 through 25, inclusive, are unknown to plaintiff who therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these defendants when the same have been ascertained. Plaintiff is informed and believes that each fictitiously named defendant is responsible in law and in fact for the obligations alleged herein. Plaintiff is informed and believes and thereon alleges that at all relevant times each of the defendants was acting within the scope and course of his or her agency and employment.

**Jurisdiction**

6.  Jurisdiction of this Court is proper given that the original Federal lawsuit against Defendant Gila Inc which resulted in the breached settlement agreement, was proper pursuant to 28 USC 157(b)(1) in that that matter arose under the Chapter 7 Bankruptcy Court case 16-10975-AJ-7 in this district.  Further, the breached settlement agreement states "This Agreement shall be governed by California law, and any action to enforce this Agreement shall be brought only in California."

**Original Matter which created Liability for Defendant and Related parties.**

7.  The Plaintiff filed the above-named Chapter 7 Bankruptcy Court case on November 14th, 2016.  An Order for Relief was entered in this case on November 14th, 2016, pursuant to 11 USC 301 thus triggering an automatic stay pursuant to 11 USC 362(a) of all collection and legal action against the Plaintiff. An Order of Discharge was entered on February 14th, 2017 pursuant to 11 USC 727 thus discharging and voiding Plaintiff's pre-petition debt.

10. Related parties City of San Francisco and SFMTA were provided official notice of the Plaintiff's bankruptcy filing at the time of filing. Despite this notice, Related Parties including their agent Gila, Inc., aggressively sought to collect the pre-petition debt referenced in the Plaintiff's exhibits. The Defendants' efforts included harassing correspondence violating the Automatic Stay and later the Order of Discharge.

11. The Defendant's (and Related Parties') collection efforts also violate the Fair Debt Collection Practices Act 15 USC 1692 et seq *Garfield v. Ocwen Loan Servicing*, No. 15-527 (2ⁿᵈ Cir. 2016).

12. The Defendant's wrongful and illegal conduct caused the Plaintiff to experience worries, concerns and hardships outside the course of this filing. The Defendant was chargeable with knowledge of the fact that the Plaintiff was experiencing personal hardship as the result of a divorce and business reverses. The circumstances surrounding the Defendant's violation of the automatic stay would have placed any reasonable person on notice that the Plaintiff/debtor would experience hardship and emotional harm and the Plaintiff did in fact suffer severe emotional distress stemming from the Defendant's fraud and violations of the automatic stay.

**The Contract that was Breached**

13. On September 14ᵗʰ, 2017 Plaintiff and Defendant reached a confidential settlement agreement (without Defendant admitting liability). Plaintiff will endeavor to honor the confidentiality of the contract as per his agreement, but cannot move forward in prosecuting the breach of contract without mentioning a few basic details of the contract. Because of the confidentiality provision, Plaintiff will not attach the contract to this complaint.

14. Though Defendant did not admit liability, the main issue in Plaintiff's original lawsuit was the Defendant-caused emotional distress that caused physical sickness and trips to doctors and thus medical expenses.

15. In the written contract Defendant Gila Inc. agreed to pay Plaintiff Wescott $2500 within 20 days of September 14th, 2017.

16. On Saturday September 16th, 2017 Plaintiff Wescott reached a deal to use the incoming monies to pay off a debt to Wayne Stauble in a way that would save Plaintiff either $11,100 or $12,350 (depending on the interpretation of taxation and income).  Mr. Stauble needed funds badly for medical issues.

17. Plaintiff Wescott asked Defendant Gila's attorney and agent Tamar Gabriel of Carlson and Messer LLP how the payment would occur several times over the 20 day period and could not get an answer.

18. Plaintiff Wescott informed agent Ms. Gabriel twice about the loss he would incur if he did not get the settlement funds on time.

19. Rather than issue the promised check, Defendant Gila Inc demanded private, personal, unnecessary information from the Plaintiff including his social security number.  Given that Defendant Gila had already harassed him repeatedly and given the numerous complaints to the BBB and lawsuits against Defendant Gila, Plaintiff Wescott was extremely uncomfortable about the notion of providing personal private information to the party that had abused him to the point of physical sickness.  Further, settlements for the infliction of physical sickness and for medical bills are non-taxable, and thus there was no need for Defendant Gila to insist on having this information.

20. When it was clear that Gila Inc. would breach the agreement, Plaintiff Wescott suggested several solutions to Ms. Gabriel, agent of Gila Inc.

21. Plaintiff Wescott also informed the agent for the Related Parties about his upcoming loss and tried to work out solutions with them, including at least one solution that Ms. Colabianchi, attorney and agent for the Related Parties, thought was reasonable.

22. Unfortunately, Gila did breach the agreement.  The time to pay the settlement has passed and Plaintiff Wescott will suffer additional losses due to this breach.

23. As of this date (date of filing, October 5th, 2017), it does not appear that Gila will pay its agreed-on settlement.  As of yesterday, it has already breached its agreement to pay, as per the written contract.

**Count I Breach of Contract**

24. Plaintiff realleges and reincorporates preceding paragraphs 1-23.

25. Defendant Gila (and DOES 1 to 25) have therefore breached their contract with plaintiff, who has been damaged thereby in the sum of $11,100 (or $12,350 – to be determined at trial) plus interest at the legal rate from and after the date due according to proof.

**Count II Fraud**

26. Plaintiff realleges and reincorporates preceding paragraphs 1-23.

27. Defendant Gila, on September 14th, 2017 (as well as DOES 1 to 25) represented to Plaintiff that that they would pay Plaintiff Wescott within 20 days.  These representations were false and defendants knew the falsity of these statements at the time they were made.

28. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, had no intention to pay Plaintiff.

29. Plaintiff relied on the representations of Defendants and would not have made the Stauble deal otherwise.

30. Plaintiff has been injured by an inability to complete the Stauble deal, a waste of his time and money, and damage to his reputation and relationships.   Plaintiff seeks compensatory damages.

31. Defendants' acts were malicious, fraudulent and oppressive, justifying an award of punitive damages so that Defendants will not engage in such conduct in the future and make an example of them.

**PRAYER FOR RELIEF**

WHEREFORE PLAINTIFF PRAYS for judgment against defendants, and each of them as follows:

1. For the sum of $2,500 as promised in the original settlement agreement.

2. For interest thereon at the legal rate from and after October 4th, 2017.

3. $11,100 (or $12,350, whichever is fair) as compensatory damages to compensate Plaintiff for his loss on the Stauble deal, plus interest thereon.

3. For general damages to be proved at trial or determined by the jury for defendants' fraud.

4. For punitive damages according to proof.

5. For reasonable attorneys' fees, fees for the value of Plaintiff's time having to write up this case and prosecute it, and costs incurred herein.

6. For such other and further relief as the court may deem just and proper.

10/5/2017

_____
Carl Wescott Pro Se

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Carl A. Wescott
PO Box 190875
San Francisco, CA 94119
TELEPHONE NO.: 4153355000          FAX NO.:
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94119
BRANCH NAME: Civil

**FILED**
San Francisco County Superior Court

NOV 16 2017

CLERK OF THE COURT
BY: _____
Deputy Clerk

CASE NAME:
Wescott versus Gila, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited | ☐ Counter    ☐ Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:    **GGC-17-562529** DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): TWO (2)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/5/2017
Carl A. Wescott
(TYPE OR PRINT NAME) ▶ _____ Wescott
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

 

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice—
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

CASE NUMBER: CGC-17-562529  CARL A WESCOTT VS. GILA, INC. DBA MUNICIPAL SERVIC

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**    **APR-18-2018**

**TIME:**    **10:30AM**

**PLACE:**    **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Nov-16-2017  9:46 am

Case Number: CGC-17-562529

Filing Date: Nov-16-2017 9:44

Filed by:  ROCHELLE VELUZ

Image: 06108117

GENERIC CIVIL FILING (NO FEE)

CARL A WESCOTT VS. GILA, INC. DBA MUNICIPAL SERVICES BUREAU ET AL

001C06108117

**Instructions:**
Please place this sheet on top of the document to be scanned.

**FILED**

San Francisco County Superior Court

NOV 15 2017

CLERK OF THE COURT

BY: _____
Deputy Clerk

1
Carl A. Wescott
PO Box 190875
2
San Francisco, CA 94119
*in propria persona*
3
+1 415 335 5000
4

5

6
SUPERIOR COURT OF CALIFORNIA

7
COUNTY OF SAN FRANCISCO

8

9
CARL A. WESCOTT                      APPLICATION FOR PRE-FILING
                                     APPROVAL
          Plaintiff,
10                                    CGC- 17- 562529

11
     vs.                             WESCOTT v. GILA, INC. d/b/a MUNICIPAL
                                     SERVICES BUREAU
12
GILA, INC d/b/a MUNICIPAL SERVICES
BUREAU                               (COMPLAINT FOR BREACH OF
                                     CONTRACT)
13
          Defendant + DOES 1 to 25

14

15
     I, Plaintiff, Carl A. Wescott, an individual, make all statements under penalty of perjury.

16

17
1. On May 1st the Honorable Gail Dekreon designated me a Vexatious Litigant.  That matter is

18
   under appeal in the Appellate Court (A151786).

19
2. I have a matter that I wish to file in Superior Court, Wescott versus Gila Inc., where a

20
   company breached a settlement agreement with me.

21

22
3. This is my application for a pre-filing order and approval as per CCP 391.

23
4. There are two reasons why this application should be approved:

24
   a. My Vexatious Litigant designation was ordered, in my opinion, by judicial error.  It is very

25
      difficult to cover a complex set of facts in a 20-minute short form hearing.  I am

26
      sympathetic to Judge Dekreon who had to make a decision based on no evidence and

27
      understand the reason a judge would generally believe what an attorney says.  The RFO, by

28

1

Terry Szucsko stated that I had filed 8 cases vexatiously. I have since provided evidence, in my appeal A151786 to Presiding Judge McGuinness at the Appellate level showing that Mr. Szucsko provided factually incorrect evidence about those cases to Judge Dekreon (that is a polite way of saying Mr. Szucsko lied). Reviewing the evidence, Judge McGuinness has approved my case to go forward at the Appellate Level to reverse the Vexatious Litigant ("VL") decision. Quoting from the docket for A151786 after review of the facts: "The application is granted." (July 20th, 2017). He would only have done so if my case had merit and if he believed I had a good chance of winning under appeal. I attach my writeup to Judge McGuinnness which summarizes the facts ("Exhibit A"). Thus, my VL designation is not final, was made in error, will be overturned shortly, and therefore should not wrongfully impact my ability to file a complaint.

a. The second reason is that even if I were to lose that case at the Appellate level, this case that I am filing has merit. The complaint is attached as Exhibit B. If it pleases the Court I am happy to supply a copy of the Confidential Settlement agreement that Gila Inc signed on 9/14 promising to pay me by 10/4. I am happy to provide the communications from Gila's attorney showing they are not paying me now nor will they pay me soon (despite our written agreement, which they breached). I am happy to provide the paperwork for the deal with Wayne Stauble and my private email communications with him (I will ask his permission on the email communications first). The facts are undisputable and I certify under penalty of perjury that they are true, that Gila signed such a contract and breached it. My only recourse is to sue in California. The agreement itself indicates that the Courts of California are the jurisdiction for a breach of the settlement contract.

Respectfully submitted,

Carl Wescott Pro Se

1    Carl A. Wescott
2    PO Box 190875
    San Francisco, CA 94119
3    *in propria persona*
    +1 415 335 5000
4

**FILED**

San Francisco County Superior Court

NOV 15 2017

CLERK OF THE COURT

BY:_____
             Deputy Clerk

5

6          SUPERIOR COURT OF CALIFORNIA

7            COUNTY OF SAN FRANCISCO

8

9    CARL A. WESCOTT

10         Plaintiff,

11       vs.

12   GILA, INC d/b/a MUNICIPAL SERVICES
    BUREAU

13       Defendant + DOES 1 to 25

APPLICATION FOR PRE-FILING APPROVAL

CGC - 17-562529

WESCOTT v. GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU

(DECLARATION)

14

15     I, Plaintiff, Carl A. Wescott, an individual, make all statements under penalty of perjury.

16

17   1. I previously submitted an application for approval of a lawsuit under CCP 391. I am adding

18      this declaration and a proposed order as per San Francisco local rules 2.8. I had previously

19      indicated why this complaint has merit. In this declaration I address the number of times I

20      have sued Gila Inc and the disposition; why this complaint has merit; and how and why this

21      complaint is not to harass or delay.

22

23   2. I have only sued GILA INC once before, in federal court, adversary proceeding number 17-

24      3038 HLB. That lawsuit was because they ignored the automatic stay in my bankruptcy and

25      continued to harass me in defiance of a federal judge's orders for an automatic stay and then

26      later in violation of my discharge order. That case clearly had merit since they offered me

27      money to settle the case and signed a settlement agreement on 9/14/2017 that they would pay

28

                                              1

1    me those monies within 20 days.

2    3.  There are two reasons why this application should be approved:

3    a.  My Vexatious Litigant designation was ordered, in my opinion, by judicial error.  It is very

4    difficult to cover a complex set of facts in a 20-minute short form hearing.  I am

5    sympathetic to Judge Dekreon who had to make a decision based on no evidence and

6    understand the reason a judge would generally believe what an attorney says.  The RFO, by

7    Terry Szucsko stated that I had filed 8 cases vexatiously.  I have since provided evidence,

8    in my appeal A151786 to Presiding Judge McGuinness at the Appellate level showing that

9    Mr. Szucsko provided factually incorrect evidence about those cases to Judge Dekreon

10   (that is a polite way of saying Mr. Szucsko lied).  Reviewing the evidence, Judge

11   McGuinness has approved my case to go forward at the Appellate Level to reverse the

12   Vexatious Litigant ("VL") decision.  Quoting from the docket for A151786 after review of

13   the facts: "The application is granted." (July 20th, 2017).  He would only have done so if

14   my case had merit and if he believed I had a good chance of winning under appeal.  I

15   attached my writeup to Judge McGuinnness that summarized the facts in my previous

16   paperwork for this VL application for pre-filing approval under CCP 391 as Exhibit A.

17   Thus, my VL designation is not final, was made in error, will be overturned shortly, and

18   therefore should not wrongfully impact my ability to file a complaint.

19   a.  The second reason is that even if I were to lose that case at the Appellate level, this case

20   that I am filing has merit.  The complaint was attached as Exhibit B in the rest of my pre-

21   filling approval paperwork.  If it pleases the Court I am happy to supply a copy of the

22   Confidential Settlement agreement that Gila Inc signed on 9/14 promising to pay me by

23   10/4.  I am happy to provide the communications from Gila's attorney showing they are not

24   paying me now nor will they pay me soon (despite our written agreement, which they

breached). I am happy to provide the paperwork for the deal with Wayne Stauble and my private email communications with him (I will ask his permission on the email communications first). The facts are undisputable and I certify under penalty of perjury that they are true, that Gila signed such a contract and breached it. My only recourse is to sue in California. The agreement itself indicates that the Courts of California are the jurisdiction for a breach of the settlement contract.

4. This complaint is not being filed to harass or delay. If any party is delaying, it is Gila Inc who has not paid the amount due in the settlement agreement which was due weeks ago.

Respectfully submitted,

Carl Wescott Pro Se

10/20/2017



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Nov-16-2017  9:58 am

Case Number: CGC-17-562529

Filing Date: Nov-16-2017 9:47

Filed by:  ROCHELLE VELUZ

Image: 06108162

ORDER

CARL A WESCOTT VS. GILA, INC. DBA MUNICIPAL SERVICES BUREAU ET AL

001C06108162

**Instructions:**
Please place this sheet on top of the document to be scanned.

MC-702

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Carl A. Wescott, Pro Per
PO Box 190875
San Francisco, CA 94119

TELEPHONE NO.: (415) 335-5000          FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR *(Name)*:

☐ COURT OF APPEAL,          APPELLATE DISTRICT, DIVISION
☑ SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

**F I L E D**
San Francisco County Superior Court

NOV 15 2017

CLERK OF THE COURT
BY: _____
Deputy Clerk

PLAINTIFF/ PETITIONER: Carl A. Wescott
DEFENDANT/ RESPONDENT: Gila, Inc. d/b/a Municipal Services Bureau, and Does 1 to 25
OTHER:

**ORDER TO FILE**
**NEW LITIGATION BY VEXATIOUS LITIGANT**

| Type of case: | ☐ Limited Civil | ☑ Unlimited Civil | ☐ Small Claims |
|---|---|---|---|
| | ☐ Family Law | ☐ Probate | ☐ Other |

CASE NUMBER:
CGC-17-562529

## ORDER

Approval to file the attached document is:

a. ☑ Granted

b. ☐ Denied

c. ☐ Other:

☑ Attachment to order. Number of pages ~~58~~. 45

Date: 11/6/17

_(signature)_

(PRESIDING JUSTICE OR JUDGE)

TERI L. JACKSON

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-702 [New January 1, 2013]

**ORDER TO FILE**
**NEW LITIGATION BY VEXATIOUS LITIGANT**

Code of Civil Procedure, § 391.7
www.courts.ca.gov

FILED

San Francisco County Superior Court

NOV 15 2017

CLERK OF THE COURT

BY: _____
               Deputy Clerk

1    Carl A. Wescott
     PO Box 190875
2    San Francisco, CA 94119
     *in propria persona*
3    +1 415 335 5000

4

5

6                   SUPERIOR COURT OF CALIFORNIA

7                   COUNTY OF SAN FRANCISCO

8

9    CARL A. WESCOTT                    APPLICATION FOR PRE-FILING
                                        APPROVAL
          Plaintiff,
10                                      CGC-17-562529

          vs.                           WESCOTT v. GILA, INC. d/b/a MUNICIPAL
11                                      SERVICES BUREAU
     GILA, INC d/b/a MUNICIPAL SERVICES
12   BUREAU                             (COMPLAINT FOR BREACH OF
                                        CONTRACT)
13        Defendant + DOES 1 to 25

14

15        I, Plaintiff, Carl A. Wescott, an individual, make all statements under penalty of perjury.

16

17   1. On May 1st the Honorable Gail Dekreon designated me a Vexatious Litigant. That matter is

18      under appeal in the Appellate Court (A151786).

19   2. I have a matter that I wish to file in Superior Court, Wescott versus Gila Inc., where a

20      company breached a settlement agreement with me.

21
22   3. This is my application for a pre-filing order and approval as per CCP 391.

23   4. There are two reasons why this application should be approved:

24   a. My Vexatious Litigant designation was ordered, in my opinion, by judicial error. It is very

25      difficult to cover a complex set of facts in a 20-minute short form hearing. I am

26      sympathetic to Judge Dekreon who had to make a decision based on no evidence and

27      understand the reason a judge would generally believe what an attorney says. The RFO, by

28

                                                                                              1

Terry Szucsko stated that I had filed 8 cases vexatiously. I have since provided evidence, in my appeal A151786 to Presiding Judge McGuinness at the Appellate level showing that Mr. Szucsko provided factually incorrect evidence about those cases to Judge Dekreon (that is a polite way of saying Mr. Szucsko lied). Reviewing the evidence, Judge McGuinness has approved my case to go forward at the Appellate Level to reverse the Vexatious Litigant ("VL") decision. Quoting from the docket for A151786 after review of the facts: "The application is granted." (July 20th, 2017). He would only have done so if my case had merit and if he believed I had a good chance of winning under appeal. I attach my writeup to Judge McGuinnness which summarizes the facts ("Exhibit A"). Thus, my VL designation is not final, was made in error, will be overturned shortly, and therefore should not wrongfully impact my ability to file a complaint.

a. The second reason is that even if I were to lose that case at the Appellate level, this case that I am filing has merit. The complaint is attached as Exhibit B. If it pleases the Court I am happy to supply a copy of the Confidential Settlement agreement that Gila Inc signed on 9/14 promising to pay me by 10/4. I am happy to provide the communications from Gila's attorney showing they are not paying me now nor will they pay me soon (despite our written agreement, which they breached). I am happy to provide the paperwork for the deal with Wayne Stauble and my private email communications with him (I will ask his permission on the email communications first). The facts are undisputable and I certify under penalty of perjury that they are true, that Gila signed such a contract and breached it. My only recourse is to sue in California. The agreement itself indicates that the Courts of California are the jurisdiction for a breach of the settlement contract.

Respectfully submitted,

_Carl Wescott_

Carl Wescott Pro Se

1    Carl A. Wescott
     PO Box 190875
2    San Francisco, CA 94119
     *in propria persona*
3    +1 415 335 5000
4

**FILED**
San Francisco County Superior Court

NOV 15 2017

CLERK OF THE COURT
BY: _____
Deputy Clerk

5

6                    SUPERIOR COURT OF CALIFORNIA

7                       COUNTY OF SAN FRANCISCO

8

9    CARL A. WESCOTT                    APPLICATION FOR PRE-FILING
                                        APPROVAL
              Plaintiff,                CGC - 17-562529
10

11   vs.                               WESCOTT v. GILA, INC. d/b/a MUNICIPAL
                                        SERVICES BUREAU
12   GILA, INC d/b/a MUNICIPAL SERVICES
     BUREAU                             (DECLARATION)

13            Defendant + DOES 1 to 25

14

15      I, Plaintiff, Carl A. Wescott, an individual, make all statements under penalty of perjury.

16

17   1. I previously submitted an application for approval of a lawsuit under CCP 391. I am adding

18      this declaration and a proposed order as per San Francisco local rules 2.8. I had previously

19      indicated why this complaint has merit. In this declaration I address the number of times I

20      have sued Gila Inc and the disposition; why this complaint has merit; and how and why this

21      complaint is not to harass or delay.

22

23   2. I have only sued GILA INC once before, in federal court, adversary proceeding number 17-

24      3038 HLB. That lawsuit was because they ignored the automatic stay in my bankruptcy and

25      continued to harass me in defiance of a federal judge's orders for an automatic stay and then

26      later in violation of my discharge order. That case clearly had merit since they offered me

27      money to settle the case and signed a settlement agreement on 9/14/2017 that they would pay

28

1

me those monies within 20 days.

3.  There are two reasons why this application should be approved:

a.  My Vexatious Litigant designation was ordered, in my opinion, by judicial error.  It is very

difficult to cover a complex set of facts in a 20-minute short form hearing.  I am

sympathetic to Judge Dekreon who had to make a decision based on no evidence and

understand the reason a judge would generally believe what an attorney says.  The RFO, by

Terry Szucsko stated that I had filed 8 cases vexatiously.  I have since provided evidence,

in my appeal A151786 to Presiding Judge McGuinness at the Appellate level showing that

Mr. Szucsko provided factually incorrect evidence about those cases to Judge Dekreon

(that is a polite way of saying Mr. Szucsko lied).  Reviewing the evidence, Judge

McGuinness has approved my case to go forward at the Appellate Level to reverse the

Vexatious Litigant ("VL") decision.  Quoting from the docket for A151786 after review of

the facts: "The application is granted." (July 20th, 2017).  He would only have done so if

my case had merit and if he believed I had a good chance of winning under appeal.  I

attached my writeup to Judge McGuinnness that summarized the facts in my previous

paperwork for this VL application for pre-filing approval under CCP 391 as Exhibit A.

Thus, my VL designation is not final, was made in error, will be overturned shortly, and

therefore should not wrongfully impact my ability to file a complaint.

a.  The second reason is that even if I were to lose that case at the Appellate level, this case

that I am filing has merit.  The complaint was attached as Exhibit B in the rest of my pre-

filling approval paperwork.  If it pleases the Court I am happy to supply a copy of the

Confidential Settlement agreement that Gila Inc signed on 9/14 promising to pay me by

10/4.  I am happy to provide the communications from Gila's attorney showing they are not

paying me now nor will they pay me soon (despite our written agreement, which they

breached).  I am happy to provide the paperwork for the deal with Wayne Stauble and my private email communications with him (I will ask his permission on the email communications first).  The facts are undisputable and I certify under penalty of perjury that they are true, that Gila signed such a contract and breached it.  My only recourse is to sue in California.  The agreement itself indicates that the Courts of California are the jurisdiction for a breach of the settlement contract.

4.  This complaint is not being filed to harass or delay.  If any party is delaying, it is Gila Inc who has not paid the amount due in the settlement agreement which was due weeks ago.

Respectfully submitted,

_____   10/20/2017

Carl Wescott Pro Se

1   Carl A. Wescott
    PO Box 190875
2   San Francisco, CA 94119
    *in propria persona*
3   +1 415 335 5000

4

5

6                    SUPERIOR COURT OF CALIFORNIA

7                      COUNTY OF SAN FRANCISCO

8

9   CARL A. WESCOTT                    APPLICATION FOR PRE-FILING
                                       APPROVAL _____
               Plaintiff,
10                                     WESCOTT v. GILA, INC. d/b/a MUNICIPAL
        vs.                            SERVICES BUREAU
11
    GILA, INC d/b/a MUNICIPAL SERVICES  [PROPOSED] ORDER
12  BUREAU

13           Defendant + DOES 1 to 25

14

15

16    The application for Carl A. Wescott to file his complaint against Gila Inc et al is

17    [ ] GRANTED

18    [ ] DENIED.

19

20    The amount of security, if any, that must be furnished for the benefit of the defendants as a

21    condition of filing the proposed complaint pursuant to CCP § 391.7(b) is:

22

23    _____

24

25

26                        _____
                                    Presiding Judge
27

28

                                                                            1



COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

Court of Appeal First Appellate District

**FILED**

JUL 20 2017

Diana Herbert, Clerk

by_____ Deputy Clerk

CARL A. WESCOTT,

      Plaintiff and Appellant,

v.

MONETTE R. STEPHENS,

      Defendant and Respondent.

A151786

(San Francisco County
Super. Ct. No. FDI14781666)

**BY THE COURT:**

    Carl A. Wescott has been declared to be a vexatious litigant is an subject to a prefiling order.  On July 19, 2017, Mr. Wescott filed an application to appeal the May 1, 2017, order declaring him to be a vexatious litigant.  The application is granted.

    The clerk of this court is directed to begin processing the appeal forthwith.

Dated: ___JUL 20 2017___

McGuiness, A.P.J.
                                          A.P.J.

**APPLICATION FOR PERMISSION TO APPEAL OR
TO FILE WRIT PETITION
Code of Civil Procedure section 391.7**

Court of Appeal First Appellate District

**FILED**

JUL 1 9 2017

Diana Herbert, Clerk

by_____Deputy Clerk

**Application Deadline:** July 20, 2017

To:     Administrative Presiding Justice
        Court of Appeal, First Appellate District
        350 McAllister Street
        San Francisco, CA   94102

Name of Appellant/Petitioner: _____Carl A. Wescott_____

Name of Opposing Party(s) _____MONETTE STEPHENS_____

Court of Appeal Number, if assigned A151786

Superior Court County__San Francisco County   No. FDI14781666_

Date of Judgment/Orders(s) Challenged ___MAY 1st 2017_____

_____

Statute Authorizing Appeal:    [✓] CCP 904.1
                               [  ] Other _____

**IN THREE PAGES OR LESS**

(1) Describe the nature of the superior court action and judgment or order under review

(continue on a separate page): _____See attached_____

_____

_____

(2) Explain why the appeal/writ petition has merit (continue on a separate page):

_____

_____See attached_____

**I declare under penalty of perjury** that the information I have provided on this form is true and (1) I believe that
my appeal or writ petition has merit and (2) I am not seeking to file it for purposes of harassment or delay.

7/19/2017
Date Signed

C. A. Wescott
Signature

1  Carl A. Wescott
   PO Box 1304
2  Sausalito, CA 94966
   Telephone: (415) 335-5000
3  *in propria persona*

4                          COURT OF APPEAL

5                      FIRST APPELLATE DISTRICT

6  CARL A. WESCOTT, Petitioner          Appeal number A151786

7           vs.                          Case No. FDI-14-781666

8  MONETTE STEPHENS, Respondent          Petition Seeking Leave to File Appeal Pursuant
                                         to C.C.P. 391.7
9

10 Petitioner is appealing an order granted on May 1ˢᵗ, 2017, labeling petitioner a Vexatious Litigant.  The
   appeal has merit and is not frivolous.
11

12 As background context, here is a brief timeline in bullet-point form:

13    •    Petitioner files for marital dissolution June 2012
      •    Marital dissolution completed October 2015 (bifurcation)
14    •    Trial in October 2016 over financial and visitation/custody issues
      •    Petitioner files Chapter 7 bankruptcy October 24ᵗʰ, 2016 (See Exhibit A)
15    •    Respondent files RFO to declare Petitioner a Vexatious Litigant 11/4/2016 (cf. Exhibit B)

16 There are two main reasons why the Vexatious Litigant (hereafter "VL") order should be overturned:  (1)
17 **The argument of Respondent was flawed and based on factually incorrect information in the**
   **Request for Order ("RFO")** presented to Judge Dekreon, which she apparently believed in granting the
18 order.  Given more time than the 20 minute Short Cause hearing we had in which no evidence at all was
   discussed, it will be easy to prove that the representations made by Terry Szucsko on behalf of
19 Respondent were largely false, including in key areas, and thus that the basis for the order did not actually
20 exist.  (2) **At the time of the Vexatious Litigant RFO filing, on November 4ᵗʰ, 2016, Petitioner was**
   **under federal bankruptcy protection, with an automatic stay,** for his chapter 7 bankruptcy filed
21 October 24ᵗʰ, 2016, with Terry Szucsko and his law firm LVS both notified as creditors on October 25ᵗʰ,
   2016.  Judge Alan Jaroslovsky (United States bankruptcy court, Northern District of California) **ordered**
22 **creditors to not take any action, including legal action, against Petitioner during the automatic stay**
   (as per 11 U.S. Code § 362(a)).
23

24 **(1) Factually incorrect information provided in original VL filing**
   In his RFO, Mr. Szucsko lists 8 cases that I, Petitioner, have supposedly initiated to harass Respondent
25 per California Code of Civil Procedure §391(b).  Mr. Szucsko claims that these cases show that I am a
   VL.  Per §391(b), a Vexatious Litigant is one who: "(1) In the immediately preceding seven-year period
26 has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small
   claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to
27 remain pending at least two years without having been brought to trial or hearing.
   (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to
28 relitigate, in propria persona, either (i) the validity of the determination against the

              PETITION SEEKING LEAVE TO FILE APPEAL PURSUANT TO CCP 391.7          1

same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined."

Mr. Szucsko further claims that I initiated all these cases, as the plaintiff, to harass Respondent, without offering any proof or evidence.

I make all statements in this entire petition under penalty of perjury. I am not the plaintiff in 5 of the 8 cases cited. There are no cases in Superior Court where I have lost and relitigated (though I am appealing my loss in my Family Law trial, where Mr. Szucsko's VL RFO was filed). I offer and attach case summaries (Exhibits A, C, D, E, F, G) of the other 6 cases cited (one of the cases was blank).

Below is a table of the 8 cases (including the blank one, number 4), cited by Mr. Szucsko.
In the columns, "CW?" refers to me, Carl Wescott, being the plaintiff. SC refers to "Superior Court". "DA" means "Determined Adversely?" For the ones where I am the Plaintiff, the table shows if Respondent was served, whether the case was in Superior Court, whether it was adversely determined and/or re-litigated:

| # | Plaintiff | CW? | Served? | SC? | DA? | Re-litigated? |
|---|-----------|-----|---------|-----|-----|---------------|
| 1 | Carl Wescott | YES | YES | YES | YES | Appeal |
| 2 | CW Rev. Trust | NO | NO | YES | | |
| 3 | Melissa Cardiff | NO | | YES | | |
| 4 | (blank) | NO | | | | |
| 5 | Tony Carracci | NO | | YES | | |
| 6 | Carl Wescott | YES | YES | NO | YES | NO |
| 7 | D. Cochran | NO | | NO | | |
| 8 | Carl Wescott | YES | YES | NO | NO | NO |

Outside of the family law action, in which I am invoking my right to appeal, none of the other eight cases is one where I am the plaintiff or petitioner in California Superior Court.

Only three of the cases are mine. Two of those are in small claims court or federal court. Not a single one of my cases is in California Superior or Probate Court and has been adversely determined and then re-litigated.

In the RFO, Respondent's attorney, Terry Szucsko, also states that I sued Respondent in other countries, without offering any specifics or evidence except to name three countries in Latin America. Again, under penalty of perjury, I have **never** sued Respondent in any other country. Mr. Szucsko should have to produce some documentation to back his claims – however, it will not be possible to do so. I am aware of lawsuits in all three of the countries Mr. Szucsko names: Uruguay, Honduras, and Ecuador. Respondent and I (together) are Defendants in all relevant legal actions I am aware of in those three countries. In Uruguay, we were sued by Ina Goodman, Juan Fischer, and Chuck Baumann. In Honduras, we were sued by a bank whose loan we defaulted on. In Ecuador, we were also sued by a lender. I am not the plaintiff. I did not initiate legal action. I did not lose and re-litigate. The whole claim is ludicrous. How can we decide these issues regarding 13 cases in a 20-minute Short Cause hearing? Surely there should be a forum, if a claim is made about 13 cases, where a judge can take at least one or two minutes per case, if not longer, to see if Mr. Szucsko's claims are true. They are not. Please see Exhibit A and Exhibits C through G regarding the domestic cases. I cannot add evidence on foreign cases that do not exist. I can and will submit the cases where Respondent and I are defendants to the Appellate Court.

If Mr. Szucsko claims I am suing Respondent in foreign lands, he should be required to submit some evidence. The burden of proof should be on him to show the lawsuits he claims exist in foreign countries in which I am the plaintiff. Otherwise, he should have to retract his false claims.

I can prove that not a single one of these cases meets the definition of CCP 391. No evidence was presented in the 20 minute Short Cause hearing to back Mr. Szucsko's claims. I have attached evidence to back up the table and my statements herein in Exhibit A and Exhibits C through G.

### (2) Vexatious Litigant filing while Petitioner was in bankruptcy violated of federal law

At the time of the Vexatious Litigant filing, on November 6th, 2016, Petitioner was under federal bankruptcy protection, with an automatic stay, for his chapter 7 bankruptcy filed October 24th, 2016, with Terry Szucsko and his law firm LVS both notified as creditors on October 25th, 2016. Judge Alan Jaroslovsky (United States bankruptcy court, Northern District of California) issued orders for all creditors not to take any action, including legal action, against, me, Petitioner. Mr. Szucsko ignored Judge Jaroslovsky's orders. On Monday, July 24th, 2017 I will file in federal court for the violations of the automatic stay pursuant to 11 U.S. Code §362(k) and contempt of court by Mr. Szucsko, and request that Judge Jaroslovsky order all actions taken by Mr. Szucsko during the automatic stay to be void.

Pursuant to Bankruptcy Code 11 USC §362(a), the automatic stay applies to: "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that arose before the commencement of the case". This language is extraordinarily broad. The filing of the VL RFO is a judicial proceeding that comes within the purview of the automatic stay.

There is an even more compelling argument to include a VL proceeding within the ambit of actions stayed by 11 USC §362(a). Per 11 USC §541(a) (1) the bankruptcy estate includes all causes of action that have matured and exist as of the date of the petition. *Dyler v. DH Capital Management*, 736 F.3rd 455, 461 (6th Circuit 2013). VL status (based on a filing during the automatic stay) thus represents a direct attack against property of the estate by burdening the debtor's ability to pursue pre-petition causes of action.

Under the law, an action violating the automatic stay is void *ab initio*. *In Re Best payphones*, 749 F.3rd 767 (9th Cir. 2014). Accordingly the VL Motion & hearing were void *ab initio* as a judicial proceeding affecting property of the estate undertaken with full knowledge of the automatic stay in willful violation of 11 USC §362a.

### Summary

The claims by Mr. Szucsko about my filing many lawsuits against Respondent are completely false. I did file a small claims action against Respondent, but did not relitigate. I did also successfully prosecute my chapter 7 to eliminate millions of dollars of debt. I did not even name Respondent in my chapter 7, though I did name Mr. Szucsko and his law firm to discharge a debt to them.

A 20 minute Short Cause hearing was not enough time to present actual facts concerning the 13 cases that Mr. Szucsko cites. I believe with one judge's attention and an investment of an hour or so to review these cases, it will be easy for the presiding judge to see that there are no cases that I have filed to harass Respondent. Thus, the VL ruling will be overturned on appeal.

DATED: JULY 19th, 2017                     _____
                                                          Carl A. Wescott

# EXHIBIT A

CANB Live Database

IFPPENDING, DebtEd, MEANSU

# U.S. Bankruptcy Court
## Northern District of California (Santa Rosa)
## Bankruptcy Petition #: 16-10905

*Date filed:* 10/24/2016

*Assigned to:* Judge Alan Jaroslovsky

Chapter 7

Voluntary

No asset

*341 meeting:* 11/23/2016

*Deadline for objecting to discharge:* 01/23/2017

*Deadline for financial mgmt. course:* 12/08/2016

*Debtor*

**Carl Alexander Wescott**

PO Box 1304

Sausalito, CA 94966

MARIN-CA

SSN / ITIN: xxx-xx-8664

*fdba* EduTain, Inc.

*fdba* EyeThink ErgoSound Inc.

*fdba* Gyrosoft, Inc

*fdba* The MultiMedia Advantage, Inc.

*fdba* The Stanford-Wescott Corporation

*fdba* PeopleBridge, Inc.

*fdba* KnightsRidge Wines, Inc.

*fdba* Broadband Mechanics, Inc.

*fdba* Miracle Solutions, Inc.

*fdba* Surprise Development, Inc.

*fdba* Sycamore Investment Partners, Inc.

*fdba* Chuluganti Investments, Inc.

*fdba* Noesis Partners, Inc.

*fdba* 11385 East Road, LLC

*fdba* Bradshaw Urban Development, LLC

*fdba* Dehli Mini Storage, LLC

*fdba* Ayss Mini Storage, LLC

*fdba* 9501 Lane Drive, LLC

*fdba* 1083 Mississippi Street, LLC

*fdba* 3878-3886 Noriega Owner's Association

*fdba* Oroville Industrial Park, LLC

*fdba* Pook Snook Dook Limited Partnership

*fdba* Livingston Retail LLC

*fdba* Unexpected Development

*fdba* Atwater Development Company

*fdba* Auburn MultiFamily

*fdba* Wildhorse Lincoln Estates

*fdba* Unexpected Development Ecuador

*fdba* Carl Wescott Consulting

*fdba* Livery

*fdba* 3886 Noriega Street

*fdba* Hacienda Palo Alto

*fdba* Carl Wescott Revocable Trust

represented by **Carl Alexander Wescott**
PRO SE

*Trustee*
Linda S. Green
P.O.Box 5350
Santa Rosa, CA 95402
(707)575-6112

*U.S. Trustee*
Office of the U.S. Trustee / SR
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102

| Filing Date | # | Docket Text |
|---|---|---|
| 10/24/2016 | 1 (26 pgs) | Chapter 7 Voluntary Petition for Individuals. IFP Fee Status Selected, Fee Is Not Required at This Time. Financial Management Certificate Due Prior to Discharge. Filed by Carl Alexander Wescott . Incomplete Filings due by 11/7/2016. Section 521 Filings due by 12/8/2016. Order Meeting of Creditors due by 11/7/2016. (gh) (Document includes creditor matrix.) Modified on 10/27/2016 (ds). (Entered: 10/24/2016) |
| 10/24/2016 | | First Meeting of Creditors with 341(a) meeting to be held on 11/23/2016 at 09:30 AM at Santa Rosa U.S. Trustee Office. Objections for Discharge due by 01/23/2017. (gh) (Entered: 10/24/2016) |
| 10/24/2016 | 2 | Statement of Social Security Number. Filed by Debtor Carl Alexander Wescott (ds) (Entered: 10/27/2016) |
| 10/24/2016 | 3 (3 pgs) | Application to Have the Chapter 7 Filing Fee Waived Filed by Debtor Carl Alexander Wescott (ds) (Entered: 10/27/2016) |
| 10/25/2016 | | Notice of Debtor's Prior Filings for debtor Carl Alexander Wescott Case Number 11-34426, Chapter 7 filed in California Northern Bankruptcy Court on 12/13/2011 , Dismissed for Failure to File Information on 12/30/2011; Case Number 12-30143, Chapter 7 filed in California Northern Bankruptcy Court on 01/17/2012.(Admin) (Entered: 10/25/2016) |
| 10/27/2016 | 4 (2 pgs) | Order To Appear (RE: related document(s)3 Application to Have the Chapter 7 Filing Fee Waived filed by Debtor Carl Alexander Wescott). **Hearing scheduled for 11/4/2016 at 09:00 AM at Santa Rosa Courtroom - Jaroslovsky.** (With statement of service) (ds) (Entered: 10/27/2016) |

PACER Service Center

# EXHIBIT B

1    LVOVICH & SZUCSKO, P.C.
2    TERRY A. SZUCSKO (SBN 258096)
     260 California Street, Suite 1001
3    San Francisco, CA 94111
     Telephone No.: 415-392-2560
4    Facsimile No.: 415-391-4060



**FILED**
San Francisco County Superior Court

NOV 0 4 2016

CLERK OF THE COURT
BY: _____
               Deputy Clerk

5    Attorneys for Respondent,
6    Monette Stephens

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **COUNTY OF SAN FRANCISCO**

10    CARL A. WESCOTT,               Case No.:   FDI-14-781666

11              Petitioner,      **MEMORANADUM OF POINTS AND**
                                       **AUTHORITIES IN SUPPORT OF**
12    v.                                        **REQUEST FOR ORDER**
                                       **DECLARING PETITIONER A**
13                                           **VEXATIOUS LITIGANT**
     MONETTE R. STEPHENS,
14

15             Respondent.

16

17        Respondent/Wife MONETTE STEPHENS ("Wife") submits this Memorandum of Points

18    and Authorities in support of her request, pursuant to California Code of Civil Procedure § 391, for

19    an Order declaring Petitioner Carl Wescott a vexatious litigant and for a pre-filing Order

20    prohibiting the filing of new litigation.

21                     **Introduction and Statement of Relevant Facts**

22        As the Court is aware, Petitioner Carl Wescott has used the instant case, as well as civil

23    actions filed in other courts (both in California and abroad), as a means of harassment and abuse of

24    Respondent Monette Stephens. To date, Mr. Wescott has filed more than thirty-eights Requests for

25    Order in this case. *See* Request for Judicial Notice in Support of Request for Order Declaring

26    Petitioner Vexatious Litigant ("RJN"), Exhibit A [Register of Actions, Case No. FDI 14 781666].

27    In an effort to curtail Petitioner's behavior, the Court issued a Family Case Resolution Plan and

28

*(left margin, vertical text)* LVOVICH & SZUCSKO, P.C. 260 CALIFORNIA STREET, SUITE 1001, SAN FRANCISCO, CA 94111 TEL: 415-392-2560 FAX: 415-391-4060

1   Order on February 17, 2015 and when even those efforts failed, ultimately sanctioned Petitioner in

2   the amount of $30,768.00 for his abuse of the litigation process (including findings of apparent

3   dishonesty and forgery by Petitioner). *See* Family Case Resolution Plan and Order, issued

4   February 17, 21015; Findings and Order After Hearing, issued July 7, 2016. Notably, the child

5   custody evaluator, Dr. Boyd, counted 219 separate filings by Petitioner in this action (compared

6   with only 90 filings by Respondent, largely responses to Petitioner's filings). *See* Child Custody

7   Evaluation, dated September 22, 2016, at p. 37. In light of Petitioner's abuse of the legal process,

8   Dr. Boyd recommended he be prevented from all future legal filings. *Id.* at Recommendations, p.

9   2.

10      On October 13, 2016, this suit was resolved definitively against Petitioner, including the

11  adoption of all of the recommendations made by Dr. Boyd. Although not yet formalized in a

12  written decision, Respondent was awarded sole legal and physical custody of the children of the

13  marriage and all of the community assets. Petitioner was awarded all of the community debt, child

14  and spousal support arrears, and ordered to pay ongoing child and spousal support as well as bring

15  the mortgage on 853 Ashbury Street current. In order to protect Respondent from Petitioner's

16  litigation tactics in the future, the Court also ordered, pursuant to California Rules of Court, Rule

17  5.113 and Family Code § 217, that all decisions on future filings by Petitioner in this action would

18  be made on the moving papers. Respondent need not appear unless specifically instructed by

19  Court. Notably, just prior to the dissolution trial, Petitioner engaged in yet another abuse of the

20  legal system, attempting to file an Order to Show Cause and Affidavit for Contempt against

21  Petitioner, which was promptly denied. *See* Order to Show Cause and Affidavit for Contempt,

22  denied October 5, 2016.

23      In addition to the abusive tactics employed in the instant case, Petitioner has initiated,

24  either directly or under the name of a third party, at least four additional suits against Respondent:

25  1) San Francisco Superior Court Unlawful Detainer Action, Case No. CUD 14 650652 (filed

26  November 21, 2014 by "Carl Wescott Revocable Trust," seeking to evict Respondent and the

27  children from the family home); 2) Sacramento Superior Court Civil Action, Case No. 34-2014-

28  00172169 (filed November 26, 2014 by "Melissa Cardiff" against Respondent Monette Stephens,

IVANOVICH & SZUCSKO, P.C.
240 CALIFORNIA STREET, SUITE 1001, SAN FRANCISCO, CA 94111
TEL: 415-793-2490 FAX: 415-793-4860

2

alleging breach of contract to repay a loan taken by Petitioner); 3) San Francisco Superior Court Civil Harassment Restraining Order Action, Case No. CCH-14-576171 (filed September 12, 2014, by Petitioner under the name Tony Carracci, seeking a civil harassment restraining order against Respondent);[1] and 4) San Francisco Superior Court Small Claims Action, Case No. CSM 15 848839 (filed January 16, 2015 by Carl Wescott, seeking reimbursement for costs of personal property allegedly taken by Respondent). The San Francisco actions were all resolved in favor of Respondent, and the Sacramento action has never been served on Respondent or prosecuted. *See* RJN, Exhibits B-E [Registers of Action]. Petitioner also admitted to lawsuits against Petitioner in Uruguay, Ecuador and Honduras, and has tried to use the bankruptcy system to further abuse Respondent. *See* Declaration of Terry A. Szucsko in Support of Request for Order Declaring Petitioner a Vexatious Litigant, Exhibit A [Email from Petitioner regarding Latin American litigation]; *see also* RJN, Exhibits F-G (Bankruptcy Registers of Action). Petitioner filed a new individual bankruptcy, which will likely be used in an attempt to escape liability from the debt awarded in the family law action, and a Motion to Lift the Automatic Stay as to 853 Ashbury Street has been filed in a bankruptcy action filed by a "co-Trustee" of the Carl Wescott Revocable Trust in Georgia.[2] *See* RJN, Exhibits F-G.

Given Petitioner's relentless use of the judicial process as a means of abuse, delay and expense against Petitioner, this Court must exercise the maximum amount of authority allowed by law to at least forbid him from initiating suits in California state courts without prior judicial approval.

<u>Legal Argument</u>

Courts may enter a pre-filing order enjoining vexatious litigants from filing any litigation without first obtaining approval from the Court. Under California Code of Civil Procedure

---

[1] The "Carracci" Civil Harassment Restraining Order request was one of the issues raised in Respondent's Request for Sanctions, filed June 17, 2015. Notably, the Request is in Petitioner's handwriting and Mr. Carracci did not appear at the hearing, likely because he had no knowledge of the action. *See* Declaration of Monette Stephens in Support of Request for Order for Sanctions, filed June 17, 2015.

[2] Respondent was recently served with a Notice regarding the filing of a Motion for Relief from the Automatic Stay, a lengthy document which reflects Danielle Marie Cochran as the initial debtor, and Petitioner and Respondent as co-debtors, and seeks a lift of the automatic stay as to 853 Ashbury Street, presumably because the property was listed on one of the bankruptcy schedules. Because of its length, the document is not attached, but is available at Case 12-71903-lrc, Doc 54 (filed October 12, 2016). Research regarding this matter is ongoing.

3

I.VOVICH & SZUCSKO, P.C.
160 CALIFORNIA STREET, SUITE 1900, SAN FRANCISCO, CA 94111
TEL: 415-392-2560 FAX: 415-391-0960

1  ("CCP") § 391(b)(3), the definition of a "[v]exatious litigant" includes a person who "[i]n any

2  litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or

3  other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or

4  solely intended to cause unnecessary delay." In determining whether a person is a vexatious

5  litigant, the court exercises its discretion. *See Bravo v. Ismaj*, 99 Cal.App.4[th] 211, 219 (2002). Its

6  determination must be based on a consideration of evidence at a hearing on a noticed motion. *Id.* at

7  225.

8      Once there is a finding that the person is a vexatious litigant, the CCP entitles the court,

9  "on its own motion or the motion of any party, [to] enter a prefiling order which prohibits a

10  vexatious litigant from filing any new litigation in the courts of this state in propria persona

11  without first obtaining leave of the presiding justice or presiding judge of the court where the

12  litigation is proposed to be filed." Cal. Code Civ. Proc. § 391.7(a). The vexatious litigant may be

13  enjoined from filing further litigation whether acting in propria persona *or* through an attorney.

14  See *In re Shieh*, 17 Cal.App.4[th] 1154, 1166 (1993) (finding that "a pre-filing order limited to [the

15  vexatious litigant's] in propria persona activities would be wholly ineffective as a means of

16  curbing his out-of-control behavior" and therefore requiring pre-filing approval under CCP §

17  391.7(b) whether in pro per or via counsel). Where a prefiling order has been issued, the filing

18  will only be permitted "if it appears that the litigation has merit and has not been filed for the

19  purposes of harassment or delay." Cal. Code Civ. Proc. § 391.7(b). The vexatious litigant may

20  also be required to furnish security if allowed to file litigation, in accordance with CCP § 391.7(b).

21      Here, the record before the Court demonstrates that Petitioner has, and, without order of

22  this Court, will continue to use the legal process for frivolous purposes solely intended to cause

23  unnecessary delay, as a further means of abuse of Respondent.

## Conclusion

25      Based on the foregoing, Respondent requests the Court issue an Order declaring Petitioner

26  a vexatious litigant and enter a prefiling Order, requiring that Petitioner obtain leave from the

27  presiding justice or presiding judge before initiating any new proceedings.

28

LVOVICH & SZUCSKO, P.C.
340 CALIFORNIA STREET, SUITE 1800, SAN FRANCISCO, CA 94111
TEL 415-393-2540 FAX: 415-391-6060

1   DATED:

2     11/4/16

                                  Terry A. Szucsko

                                  LVOVICH & SZUCSKO, P.C.

                                  Attorneys for Respondent Monette Stephens

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LVOVICH & SZUCSKO, P.C.
364 CALIFORNIA STREET, SUITE 100, SAN FRANCISCO, CA 94111
TEL: 415-395-5588 FAX: 415-394-0666

5

EXHIBIT C

Civil Case Details

## Civil Case Details

### ☐ Case Information

Case Title
Melissa Cardil vs. Monette Stephens
Case Number
34-2014-00172188-CU-BC-GDS
Case Type
Breach of Contract/Warranty
Filing Date
11/26/2014
Case Category
Civil - Unlimited

### ☐ Participants

| Participant Name | Role | Represented By |
|---|---|---|
| Cardil, Melissa | Plaintiff | |
| Does 1-25 | Defendant | |
| Stephens, Monette | Defendant | |

### ☐ Scheduled Hearings

| Event Date | Event Time | Event Type | Department | Status |
|---|---|---|---|---|
| No Scheduled Hearings Found... | | | | |

### ☐ Past Hearings

** NOTE: There is a cost associated with court reporter transcripts. When you request a court reporter transcript, you will be contacted by the court reporter regarding the cost and method of payment accepted.

| Event Date | Event Time | Event Type | Department | Status | **Request Transcript |
|---|---|---|---|---|---|
| 10/22/2015 | 8:30 AM | Case Management Conference - Case Management Program | 39 | Heard | Request [/PublicCaseAccess/CivilRequestCourtReporterTranscript!prepint39.com?mDate=10%2F22%2F2015&resetBased%3A39%2014&oAction=Quit&caseName=Melissa%20Cardil%20vs.%20Monette%20Stephens&caseNumber=2014-00172188] |

### ☐ Register of Actions

Click the Preview button to see a preview of the document. Previewed documents contain every other page, up to a maximum of five pages. To purchase a full version containing all pages, check the checkbox for the document(s) you want and then click the Document Cart link at the top of the page to review your cart / check out.

| ROA# | ROA Entry | Filed Date | Filed By | Pages |
|---|---|---|---|---|
| 10 | Minutes finalized for Case Management Conference - Case Management Program heard on 10/22/2015 08:30:00 AM . | 10/22/2015 | | 1 |

| ROA# | ROA Entry | Filed Date | Filed By | Pages |
|---|---|---|---|---|
| 9 | Case Returned to Trial Setting process for perfect selection of Trial date and Mandatory Settlement Conference date no later than 60 days after the effective date. | 10/22/2015 | | |
| 8 | Case Returned to Trial Setting process for perfect selection of Trial date and Mandatory Settlement Conference date within 60 days of the referral date. | 10/22/2015 | | |
| 7 | Tentative Ruling for Case Management Conference - Case Management Program set on 10/22/2015 08:30:00 AM published . | 10/16/2015 | | 1 |
| 6 | Case Management Conference - Case Management Program scheduled for 10/22/2015 at 08:30:00 AM in Department 39 at Gordon D Schaber Courthouse and the Notice of Case Management Conference and Order to Appear has been generated . | 12/01/2014 | | 2 |
| 5 | Case assigned to Department 39 . | 11/26/2014 | | |
| 4 | Summons for 30-Day Summons was issued during case initiation on 12/01/2014 . | 12/01/2014 | | |
| 3 | Civil Case Cover Sheet filed. | 11/26/2014 | Cardil, Melissa(Plaintiff) | 1 |
| 2 | Summons filed. | 11/26/2014 | Cardil, Melissa(Plaintiff) | 2 |
| 1 | Complaint filed. | 11/26/2014 | Cardil, Melissa(Plaintiff) | 8 |

EXHIBIT D

CCH 14 576171

## Superior Court of California, County of San Francisco
Case Number: CCH 14 576171
Title: TONY CARRACCI VS. MONETTE STEPHENS ET AL
Cause of Action: CIVIL HARASSMENT
Generated: Oct-27-2016 12:43 pm

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

Please Note: The "View" document links on this web page are valid until 12:53:07 pm
After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)

# Register of Actions

Date Range: First Date SEP-12-2014        Last Date  OCT-08-2014         (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence ▼        Submit

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| OCT-08-2014 | AFTER HEARING OF NOTICE OF COURT HEARING (CIVIL HARASSMENT) ON OCT-08-2014, MATTER WAS DISMISSED WITHOUT PREJUDICE BY THE COURT. NO APPEARANCE BY PETITIONER NOR RESPONDENTS. NO PROOF OF SERVICE ON FILE. JUDGE: HARRY DORFMAN, CLERK: M. GOODMAN, COURT REPORTER: MITCH LYON, CSR #6840. REPORTED (D514). | | |
| OCT-08-2014 | MINI MINUTES FOR OCT-08-2014 09:00 AM FOR DEPT 514 | | |
| OCT-08-2014 | AFTER HEARING OF NOTICE OF COURT HEARING (CIVIL HARASSMENT) ON OCT-08-2014, MATTER WAS DISMISSED WITHOUT PREJUDICE BY THE COURT. NO APPEARANCE BY PETITIONER NOR RESPONDENTS. NO PROOF OF SERVICE ON FILE. JUDGE: HARRY DORFMAN, CLERK: M. GOODMAN, COURT REPORTER: MITCH LYON, CSR #6840. REPORTED (D514). | | |
| OCT-08-2014 | MINI MINUTES FOR OCT-08-2014 09:00 AM FOR DEPT 514 | | |
| SEP-15-2014 | TEMPORARY RESTRAINING ORDER (CIVIL HARASSMENT) FILED BY PLAINTIFF CARRACCI, TONY AS TO DEFENDANT GLASER, JOSH | View | |
| SEP-15-2014 | NOTICE OF COURT HEARING (CIVIL HARASSMENT) FILED BY PLAINTIFF CARRACCI, TONY AS TO DEFENDANT GLASER, JOSH HEARING SET FOR OCT-08-2014 AT 09:00 AM IN DEPT 514 | View | |
| SEP-15-2014 | TEMPORARY RESTRAINING ORDER (CIVIL HARASSMENT) FILED BY PLAINTIFF CARRACCI, TONY AS TO DEFENDANT STEPHENS, MONETTE | View | |
| SEP-15-2014 | NOTICE OF COURT HEARING (CIVIL HARASSMENT) FILED BY PLAINTIFF CARRACCI, TONY AS TO DEFENDANT STEPHENS, MONETTE HEARING SET FOR OCT-08-2014 AT 09:00 AM IN DEPT 514 | View | |
| SEP-12-2014 | COURT REPORTING SERVICES LESS THAN 1 HOUR FILED BY PLAINTIFF CARRACCI, TONY | | IFP |
| SEP-12-2014 | REQUEST TO WAIVE COURT FEES AND COSTS PURSUANT TO G.C. 68633, CRC 3.51, 8.26, AND 8.818 (CONFIDENTIAL) FILED BY PLAINTIFF CARRACCI, TONY ORDER FOR WAIVER OF COURT FEES AND COSTS GRANTED PURSUANT TO G.C. 68634 (E), CRC 3.52 | | |
| SEP-12-2014 | PETITION FOR INJUNCTION PROHIBITING HARASSMENT FILED BY PLAINTIFF CARRACCI, TONY AS TO DEFENDANT STEPHENS, MONETTE GLASER, JOSH JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED | View | NO FEE |

EXHIBIT E

CSM 15 848839

## Superior Court of California, County of San Francisco
Case Number: CSM 15 848839
Title: CARL WESCOTT VS. MONETTE STEPHENS
Cause of Action: MONEY
Generated: Oct-26-2016 4:57 pm

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

---

Please Note: The "View" document links on this web page are valid until 5:07:21 pm
After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)

# Register of Actions

Date Range: First Date | JAN-16-2015 |    Last Date | MAR-04-2015 |    (Dates must be entered as MMM-DD-YYYY)

| Descending Date Sequence ▾ |    | Submit |

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| MAR-04-2015 | THE COURT ORDERS DISMISSAL OF THE ENTIRE ACTION WITHOUT PREJUDICE BY COURT. APPEARANCE BY PLAINTIFF, ONLY. DEFENDANT WAS NOT PRESENT BUT WAS REPRESENTED BY TERRY A. SZUCSKO--FAMILY ATTORNEY. NO EXHIBITS RETAINED. JUDGE: DONALD S. MITCHELL. CLERK: P. NATT. NOT REPORTED. (506) | View | |
| MAR-04-2015 | DECLARATION OF APPEARANCE ON BEHALF OF CORPORATION PURSUANT TO CCP 116.540 (B)-(H) FILED BY DEFENDANT STEPHENS, MONETTE | | |
| FEB-25-2015 | PROOF OF SERVICE FILED ON CLAIM OF PLAINTIFF - FEE FOR SERVICE $ 50.00 - SERVED FEB-05-2015, PERSONAL SERVICE ON DEFENDANT STEPHENS, MONETTE | View | |
| JAN-16-2015 | REQUEST TO WAIVE COURT FEES AND COSTS PURSUANT TO G.C. 68633, CRC 3.51, 8.26, AND 8.818 (CONFIDENTIAL) FILED BY PLAINTIFF WESCOTT, CARL ORDER FOR WAIVER OF COURT FEES AND COSTS GRANTED PURSUANT TO G.C. 68634 (E), CRC 3.52 | | |
| JAN-16-2015 | MONEY CLAIM OF PLAINTIFF FOR $4,999.89 FILED BY WESCOTT, CARL AS TO DEFENDANT STEPHENS, MONETTE ORDER SETTING TRIAL ISSUED FOR MAR-04-2015 AT 10:00 AM IN DEPT 506 | View | IFP |

# EXHIBIT F

Georgia Northern Bankruptcy CM/ECF v5.1.1        JB

# U.S. Bankruptcy Court
## Northern District of Georgia (Atlanta)
### Bankruptcy Petition #: 12-71903-lrc

|  |  |
|---|---|
| | *Date filed:* 09/01/2012 |
| *Assigned to:* Judge Lisa Ritchey Craig | *Plan confirmed:* 11/01/2012 |
| Chapter 13 | *341 meeting:* 10/09/2012 |
| Voluntary | *Deadline for filing claims:* 01/07/2013 |
| Asset | *Deadline for filing claims (govt.):* 02/28/2013 |

*Debtor*
**Danielle Marie Cochran**
110 Coady Road
Jackson, GA 30233
HENRY-GA
SSN / ITIN: xxx-xx-6924
*aka* **Danielle Marie Bankston**

represented by **Brian S. Limbocker**
Limbocker Law Firm, LLC
Bldg. 800 - Suite 140
2230 Towne Lake Parkway
Woodstock, GA 30189
(678) 401-6836
Fax : (678) 412-4152
Email: bsl@limbockerlawfirm.com

*Trustee*
**Adam M. Goodman**
Adam M. Goodman, 13 Trustee
Suite 200
260 Peachtree Street
Atlanta, GA 30303
678-510-1444

represented by **Adam M. Goodman**
Adam M. Goodman, 13 Trustee
Suite 200
260 Peachtree Street
Atlanta, GA 30303
(678) 510-1444
Email: mail@13trusteeatlanta.com

**Adam M. Goodman**
Chapter 13 Trustee
Suite 200
260 Peachtree Street
Atlanta, GA 30303
(678) 510-1444
Email: mail@13trusteeatlanta.com

| Filing Date | # | Docket Text |
|---|---|---|
| 09/01/2012 | 1 (52 pgs) | Voluntary Petition (Chapter 13), Fee Collected filed by Brian S. Limbocker of Limbocker Law Firm, LLC on behalf of Danielle Marie Cochran. Government Proof of Claim due by 2/28/2013. (Limbocker, Brian) |
| 09/01/2012 | 2 (8 pgs) | Chapter 13 Plan filed by Brian S. Limbocker of Limbocker Law Firm, LLC on behalf of Danielle Marie Cochran. (Limbocker, Brian) |
| 09/01/2012 | 3 (1 pg) | Credit Counseling Service Certificate filed by Brian S. Limbocker on behalf of Danielle Marie Cochran. (Limbocker, Brian) |
| | 4 | Debtor(s) Payment Advices filed by Brian S. Limbocker on |

| | | |
|---|---|---|
| 09/01/2012 | (2 pgs) | behalf of Danielle Marie Cochran. (Limbocker, Brian) |
| 09/01/2012 | 5 | Receipt of Initial Docs01: Voluntary Petition (Chapter 13) (12-71903) [caseupld,1305u] ( 281.00) filing fee. Receipt Number 28489311. Fee Amount 281.00 (U.S. Treasury) |
| 09/04/2012 | 6 (4 pgs; 2 docs) | Notice of Meeting of Creditors (Chapter 13) 341 Meeting to be held on 10/09/2012 at 11:00 AM at Hearing Room 368, Atlanta. Objections for Discharge due by 12/10/2012. Non-Government Proof of Claims due by 01/07/2013.Confirmation Hearing to be held on 11/01/2012 at 09:30 AM at Courtroom 1204, Atlanta. (related document(s) 2 Chapter 13 Plan case upload) (Admin.) |
| 09/06/2012 | 7 (3 pgs) | Notice to Debtor Re: Financial Mgmt. Certification. Served by BNC. Notice Date 09/06/2012. (Admin.) (Entered: 09/07/2012) |
| 09/06/2012 | 8 (5 pgs) | Certificate of Mailing by BNC of Notice of Meeting of Creditors Notice Date 09/06/2012. (Admin.) (Entered: 09/07/2012) |
| 09/06/2012 | 9 (10 pgs) | Certificate of Mailing by BNC of Chapter 13 Plan Notice Date 09/06/2012. (Admin.) (Entered: 09/07/2012) |
| 09/20/2012 | 10 (1 pg) | Notice of Appearance (Attorney) Filed by Capital One Auto Finance. (Ascension Capital Group, Inc.) |
| 09/26/2012 | 11 (1 pg) | Notice of Appearance (Attorney) Filed by Capital One Auto Finance. (Ascension Capital Group, Inc.) |
| 10/01/2012 | 12 (1 pg) | Certification of Financial Management Course for Debtor filed by Brian S. Limbocker on behalf of Danielle Marie Cochran. (Limbocker, Brian) |
| 10/09/2012 | | Section 341(a) meeting held and concluded. . (yl) (Entered: 10/11/2012) |
| 10/12/2012 | 13 (2 pgs) | Notice of Appearance (Attorney) Filed by William Matthew Suber on behalf of Flagstar Bank, FSB. (Suber, William) |
| 10/16/2012 | 14 (3 pgs) | Objection to Confirmation of Plan & *Motion to Dismiss* Filed by Adam M. Goodman on behalf of Adam M. Goodman. (Goodman, Adam) |
| 10/26/2012 | 15 (1 pg) | Debtor(s) Payment Advices filed by Brian S. Limbocker on behalf of Danielle Marie Cochran. (Limbocker, Brian) |
| 10/26/2012 | 16 (10 pgs) | Amended Chapter 13 Plan filed by Brian S. Limbocker on behalf of Danielle Marie Cochran. (related document(s)2 Chapter 13 Plan case upload)(Limbocker, Brian) |

10/27/2016                          Georgia Northern Bankruptcy CM/ECF v5.1.1          JR

| | | |
|---|---|---|
| 10/26/2012 | <u>17</u><br>(1 pg) | Order for Debtor's Employer to Deduct Payments. Service by BNC. (Admin.) |
| 10/28/2012 | <u>18</u><br>(3 pgs) | Certificate of Mailing by BNC of Employer Deduction Order Notice Date 10/28/2012. (Admin.) (Entered: 10/29/2012) |
| 10/31/2012 | <u>19</u><br>(13 pgs) | Certificate of Mailing by BNC of Amended Plan Notice Date 10/31/2012. (Admin.) (Entered: 11/01/2012) |
| 11/01/2012 | <u>20</u><br>(2 pgs; 2 docs) | Order Confirming Chapter 13 Plan. Service by BNC. (phd) |
| 11/03/2012 | <u>21</u><br>(4 pgs) | Certificate of Mailing by BNC of Order Confirming Chapter 13 Plan Notice Date 11/03/2012. (Admin.) (Entered: 11/04/2012) |
| 11/03/2012 | <u>22</u><br>(3 pgs) | Notice to Debtor Re: Domestic Support Obligations with certificate of service by BNC. Notice Date 11/03/2012. (Admin.) (Entered: 11/04/2012) |
| 11/19/2012 | <u>23</u><br>(5 pgs; 2 docs) | Notice of Mortgage Payment Change (NO PROOF OF CLAIM FILED) with Certificate of Service filed by William Matthew Suber on behalf of Flagstar Bank, FSB. (Attachments: # <u>1</u> Escrow Analysis)(Suber, William) |
| 01/22/2013 | <u>24</u><br>(1 pg) | Change of Address of Jesse Cochran for Notices filed by Brian S. Limbocker on behalf of Danielle Marie Cochran. (Limbocker, Brian) |
| 02/26/2013 | <u>25</u><br>(3 pgs) | Motion to Dismiss Case for Failure to Make Plan Payments *and case exceeding 60 months* filed by Adam M. Goodman on behalf of Adam M. Goodman. Hearing to be held on 3/28/2013 at 09:45 AM in Courtroom 1204, Atlanta, (Goodman, Adam) |
| 03/19/2013 | <u>26</u><br>(2 pgs) | Amended Notice of Hearing *on Motion to Dismiss* Filed by Adam M. Goodman on behalf of Adam M. Goodman. Hearing to be held on 5/9/2013 at 09:45 AM in Courtroom 1204, Atlanta, (related document(s)<u>25</u> Motion to Dismiss Case for Failure to Make Plan Payments *and case exceeding 60 months* filed by Adam M. Goodman)(Goodman, Adam) |
| 03/20/2013 | <u>27</u><br>(7 pgs) | Modification of Confirmed Ch. 13 Plan and Notice filed by Brian S. Limbocker on behalf of Danielle Marie Cochran. Objections due by 4/15/2013. Hearing to be held on 5/9/2013 at 10:00 AM in Courtroom 1204, Atlanta, (related document(s)<u>2</u> Chapter 13 Plan case upload)(Limbocker, Brian) |
| | <u>28</u><br>(8 pgs) | Schedule I , Schedule J , Summary of Schedules, Statistical Summary of Certain Liabilities filed by Brian S. Limbocker |

| | | |
|---|---|---|
| 03/20/2013 | | on behalf of Danielle Marie Cochran. (Limbocker, Brian) Modified text on 3/21/2013 (kmw). |
| 03/23/2013 | 29 (10 pgs) | Certificate of Mailing by BNC of Amended Plan Notice Date 03/23/2013. (Admin.) (Entered: 03/24/2013) |
| 03/28/2013 | 30 (3 pgs) | Certification Regarding Review of Proof of Claims Filed by Brian S. Limbocker on behalf of Danielle Marie Cochran. (Limbocker, Brian) |
| 04/29/2013 | 31 (1 pg) | Transfer of claim Transfer Agreement 3001 (e) 2 Transferor: GE Capital Retail Bank (Claim No. 2) To PRA Receivables Management, LLC . To PRA Receivables Management, LLCPOB 41067Norfolk, VA 23541. filed by PRA Receivables Management, LLC.(Garcia, Dolores) |
| 05/01/2013 | 32 (1 pg) | Notice of Transfer of Claim to PRA Receivables Management LLC, as agent of Portfolio Recovery Associates, LLC from GE Capital Retail Bank with objections due 21 days from the date of this notice. Service by BNC (lhd) |
| 05/03/2013 | 33 (3 pgs) | Certificate of Mailing by BNC of Notice of Transfer of Claim Notice Date 05/03/2013. (Admin.) (Entered: 05/04/2013) |
| 05/06/2013 | 34 (1 pg) | Order for Debtor's Employer to Deduct Payments. Service by BNC. (Admin.) |
| 05/08/2013 | 35 (3 pgs) | Certificate of Mailing by BNC of Employer Deduction Order Notice Date 05/08/2013. (Admin.) (Entered: 05/09/2013) |
| 05/13/2013 | 36 (1 pg) | Order Approving Modification of Chapter 13 Plan. Service by BNC. (cdl) |
| 05/15/2013 | 37 (4 pgs) | Certificate of Mailing by BNC of Order Approving Modification of Plan Notice Date 05/15/2013. (Admin.) (Entered: 05/16/2013) |
| 05/22/2013 | 38 (2 pgs) | Withdrawal of Document filed by Adam M. Goodman on behalf of Adam M. Goodman. (related document(s)25 Motion to Dismiss Case for Failure to Make Plan Payments) (Goodman, Adam) |
| 04/25/2014 | 39 (2 pgs) | Notice of Appearance Filed by John D. Schlotter on behalf of OCWEN LOAN SERVICING, LLC. (Schlotter, John) |
| 07/02/2014 | 40 (1 pg) | Change of Address of LVNV Funding, LLC for Notices and Payments filed by Scot W. Groghan on behalf of LVNV Funding, LLC. (Groghan, Scot) |
| | 41 (1 pg) | Notice of Appearance Filed by A. Michelle Hart Ippoliti on behalf of AMERICA'S SERVICING COMPANY. (Ippoliti, |

10/27/2016                          Georgia Northern Bankruptcy CM/ECF v5.1.1        )R

| 01/15/2015 | | A.) |
|---|---|---|
| 04/10/2015 | <u>42</u><br>(6 pgs; 2 docs) | Notice of Mortgage Payment Change (NO PROOF OF CLAIM FILED) with Certificate of Service filed by Lisa F. Caplan on behalf of Deutsche Bank National Trust Company. (Attachments: # <u>1</u> Escrow Analysis) (Caplan, Lisa) |
| 06/08/2015 | <u>43</u><br>(5 pgs; 2 docs) | Notice of Mortgage Payment Change (NO PROOF OF CLAIM FILED) with Certificate of Service filed by Lisa F. Caplan on behalf of Deutsche Bank National Trust Company. (Attachments: # <u>1</u> Escrow Analysis) (Caplan, Lisa) |
| 06/10/2015 | <u>44</u><br>(6 pgs; 2 docs) | Notice of Mortgage Payment Change (NO PROOF OF CLAIM FILED) with Certificate of Service filed by Lisa F. Caplan on behalf of Deutsche Bank National Trust Company. (Attachments: # <u>1</u> Adjustable Rate Mortgage) (Caplan, Lisa) |
| 10/19/2015 | <u>45</u><br>(1 pg) | Notice of Case Reassignment from Judge Murphy to A998. Service by BNC (asb) |
| 10/21/2015 | <u>46</u><br>(3 pgs) | Certificate of Mailing by BNC of Case Reassignment Notice. Notice Date 10/21/2015. (Admin.) (Entered: 10/22/2015) |
| 02/17/2016 | <u>47</u><br>(56 pgs; 12 docs) | Motion for Relief from Stay *Motion for In Rem Relief from Automatic Stay (Real Property)*, Fee $ 176 filed by Lisa F. Caplan on behalf of SELECT PORTFOLIO SERVICING, INC.. Hearing to be held on 3/17/2016 at 01:15 PM in Courtroom 1204, Atlanta, (Attachments: # <u>1</u> Exhibit # <u>2</u> Exhibit # <u>3</u> Exhibit # <u>4</u> Exhibit # <u>5</u> Exhibit # <u>6</u> Exhibit # <u>7</u> Exhibit # <u>8</u> Exhibit # <u>9</u> Exhibit # <u>10</u> Exhibit # <u>11</u> Exhibit) (Caplan, Lisa) |
| 02/17/2016 | 48 | Receipt of Motion for Relief from Stay(12-71903-a998). [motion,185] ( 176.00) filing fee. Receipt Number 41030446. Fee Amount 176.00 (re: Doc# <u>47</u>) (U.S. Treasury) |
| 03/15/2016 | <u>49</u><br>(3 pgs) | Notice Rescheduling Hearing *Motion for In Rem Relief from Automatic Stay* Filed by Lisa F. Caplan on behalf of SELECT PORTFOLIO SERVICING, INC.. Hearing to be held on 4/14/2016 at 01:15 PM in Courtroom 1204, Atlanta, (related document(s)<u>47</u> Motion for Relief from Stay *Motion for In Rem Relief from Automatic Stay (Real Property)*, Fee $ 176 filed by SELECT PORTFOLIO SERVICING, INC.)(Caplan, Lisa) |
| 03/28/2016 | <u>50</u><br>(1 pg) | Notice of Case Reassignment from Judge A998 to Judge Lisa Ritchey Craig. Service by BNC (rf) |
| 03/29/2016 | <u>51</u><br>(2 pgs) | Withdrawal of Document *Withdrawal of Motion for In Rem Relief from the Automatic Stay* filed by Lisa F. Caplan on behalf of SELECT PORTFOLIO SERVICING, INC.. (related document(s)<u>47</u> Motion for Relief from Stay)(Caplan, Lisa) |

10/27/2016                     Georgia Northern Bankruptcy CM/ECF v5.1.1    )B

| | | |
|---|---|---|
| 03/30/2016 | **52**<br>(3 pgs) | Certificate of Mailing by BNC of Case Reassignment Notice. Notice Date 03/30/2016. (Admin.) (Entered: 03/31/2016) |
| 06/08/2016 | **53**<br>(3 pgs) | Notice of Appearance *with Certificate of Service* Filed by Ciro A. Mestres on behalf of Flagstar Bank, FSB. (Mestres, Ciro) |
| 10/12/2016 | **54**<br>(48 pgs) | Motion for Relief from Stay Fee $176, *and certificate of service (853 Ashbury Street)*, Motion for Relief from Co-Debtor Stay as to Carl A Wescott, Monette Stephens filed by Harrison T. Gross on behalf of HSBC BANK USA. Objections due by 11/7/2016. Hearing to be held on 11/10/2016 at 01:15 PM in Courtroom 1204, Atlanta, (Gross, Harrison) |
| 10/12/2016 | 55 | Receipt of Motion for Relief from Stay(12-71903-lrc) [motion,185] ( 176.00) filing fee. Receipt Number 43033581. Fee Amount 176.00 (re: Doc# **54**) (U.S. Treasury) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/27/2016 15:58:40 | | | |
| **PACER Login:** | mlvovich11:3021297:0 | **Client Code:** | Monette Stephens |
| **Description:** | Docket Report | **Search Criteria:** | 12-71903-lrc Fil or Ent: filed From: 1/1/1989 To: 10/27/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

EXHIBIT G

CUD 14 650652

## Superior Court of California, County of San Francisco
Case Number: CUD 14 650652
Title: CARL WESCOTT REVOCABLE TRUST VS. TONY CARRACCI ET AL
Cause of Action: UNLAWFUL DETAINER - RESIDENTIAL
Generated: Oct-26-2016 4:56 pm

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

---

Please Note: The "View" document links on this web page are valid until 5:06:18 pm
After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)

# Register of Actions

Date Range: First Date NOV-21-2014    Last Date FEB-13-2015    (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence ▼    Submit

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| FEB-13-2015 | REMOVED FROM DENIED FEE WAIVER PAID CALENDAR: APPLICANT CARL WESCOTT MUST PAY COURT FEES. ORDER DENYING FEE WAIVER FILED ON 1/05/15. HE MUST PAY FEES OWED TO THE COURT BEFORE FILING ANY DOCUMENTS.(206) | | |
| JAN-07-2015 | MASTER CALENDAR MOTION ON JAN-07-2015 IN DEPT. 206, HEARING ON APPLICANT CARL WESCOTT'S WAIVER OF COURT FEES AND COSTS. NO APPEARANCE BY APPLICANT. THE COURT DENIED THE APPLICATION IN WHOLE. ORDER SIGNED, AND ENDORSED-FILED COPY MAILED TO APPLICANT. JUDGE: LINDA COLFAX; CLERK: JIROQUE; COURT REPORTER: MATTER NOT REPORTED. (206) | | |
| JAN-07-2015 | ORDER ON COURT FEE WAIVER AFTER HEARING (DENIED AS TO APPLICANT CARL WESCOTT) | View | |
| JAN-06-2015 | POS OF ORDER GRANTING DEFT'S MTN TO QUASH SERVICE OF SUMMONS AND COMPLAINT FILED BY DEFENDANT STEPHENS, MONETTE | View | |
| DEC-24-2014 | HEARING ORDERED FOR APPLICATION OF WAIVER OF COURT FEES (HEARING SET ON THE COURT'S OWN MOTION AS TO APPLICANT CARL WESCOTT) HEARING SET FOR JAN-07-2015 AT 09:00 AM IN DEPT 206 | View | |
| DEC-23-2014 | REAL PROPERTY/HOUSING MOTION 501, DEFENDANT MONETTE STEPHENS' MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT IS GRANTED, SUBJECT TO OPPOSITION NOVEMBER 22, 2014 SERVICE IS QUASHED. ORDER IS SIGNED IN OPEN COURT. JUDGE: RICHARD B. ULMER JR., CLERK: M. GOODMAN, NOT REPORTED. (D501) | | |
| DEC-23-2014 | ORDER GRANTING DEFENDANT MONETTE STEPHENS' MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT | View | |
| DEC-23-2014 | MINI MINUTES FOR DEC-23-2014 09:30 AM FOR DEPT 501 | | |
| DEC-18-2014 | DECLARATION OF OF JAMIE BALLESTA IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS FILED BY DEFENDANT STEPHENS, MONETTE | View | |
| DEC-18-2014 | DECLARATION OF DEFENDANT MONETTE STEPHENS IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FILED BY DEFENDANT STEPHENS, MONETTE | View | |
| DEC-18-2014 | NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FILED BY DEFENDANT STEPHENS, MONETTE HEARING SET FOR DEC-23-2014 AT 09:30 AM IN DEPT 501 | View | 450.00 |
| NOV-21-2014 | REQUEST PENDING TO WAIVE COURT FEES AND COSTS PURSUANT TO G.C. 68633, CRC 3.51, 8.26, AND 8.818 [ORDER ON COURT FEE WAIVER | | |

CUD 14-650652

| | | | | |
|---|---|---|---|---|
| | DATED 11/21/14.(S......NED HEREIN) IS INVALID. SEE ORDER D......NG THE FEE WAIVER APPLICATION FILED ON 11/7/15.] (CONFIDENTIAL) FILED BY PLAINTIFF CARL WESCOTT REVOCABLE TRUST | | | |
| NOV-21-2014 | UNLAWFUL DETAINER - RESIDENTIAL, COMPLAINT FILED BY PLAINTIFF CARL WESCOTT REVOCABLE TRUST AS TO DEFENDANT CARRACCI, TONY STEPHENS, MONETTE GLASER, JOSH DOES 1 TO 25 SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED | | View | IFP |

1    Carl A. Wescott
     PO Box 190875
2    San Francisco, CA 94119
     *in propria persona*
3    +1 415 335 5000



4

5

6                       SUPERIOR COURT OF CALIFORNIA

7                        COUNTY OF SAN FRANCISCO

8

9    CARL A. WESCOTT                        Case No. _____

                        Plaintiff,
10                                          COMPLAINT FOR BREACH OF
         vs.                                CONTRACT
11
     GILA, INC d/b/a MUNICIPAL SERVICES
12   BUREAU

13                Defendant + DOES 1 to 25

14

15

16   **The Parties**

17

18       1.  Plaintiff, Carl A. Wescott, an individual, has resided in the San Francisco, California,

19           Bay Area for many years.

20       2.  Defendant, Gila, Inc. (DBA Municipal Services Bureau) is a private company in Austin,

21           TX, doing business as a debt collection company for third party debt recovery, including

22           for the two related parties below.

23       3.  Related party, City of San Francisco is a California Municipal Corporation acting by and

24           through its agents including the San Francisco Mass Transit Authority ("SFMTA").

25
         4.  Related party, SFMTA is a state agency created by the consolidation of the San Francisco
26
             Municipal Railway, the Department of Parking and Traffic and the Taxicab Commission.
27

28

5. The true names and capacities, whether individual, corporate, associate, or otherwise of defendants named herein as Does 1 through 25, inclusive, are unknown to plaintiff who therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these defendants when the same have been ascertained. Plaintiff is informed and believes that each fictitiously named defendant is responsible in law and in fact for the obligations alleged herein. Plaintiff is informed and believes and thereon alleges that at all relevant times each of the defendants was acting within the scope and course of his or her agency and employment.

**Jurisdiction**

6. Jurisdiction of this Court is proper given that the original Federal lawsuit against Defendant Gila Inc which resulted in the breached settlement agreement, was proper pursuant to 28 USC 157(b)(1) in that that matter arose under the Chapter 7 Bankruptcy Court case 16-10975-AJ-7 in this district. Further, the breached settlement agreement states "This Agreement shall be governed by California law, and any action to enforce this Agreement shall be brought only in California."

**Original Matter which created Liability for Defendant and Related parties.**

7. The Plaintiff filed the above-named Chapter 7 Bankruptcy Court case on November 14th, 2016. An Order for Relief was entered in this case on November 14th, 2016, pursuant to 11 USC 301 thus triggering an automatic stay pursuant to 11 USC 362(a) of all collection and legal action against the Plaintiff. An Order of Discharge was entered on February 14th, 2017 pursuant to 11 USC 727 thus discharging and voiding Plaintiff's pre-petition debt.

10. Related parties City of San Francisco and SFMTA were provided official notice of the Plaintiff's bankruptcy filing at the time of filing. Despite this notice, Related Parties including their agent Gila, Inc., aggressively sought to collect the pre-petition debt referenced in the Plaintiff's exhibits. The Defendants' efforts included harassing correspondence violating the Automatic Stay and later the Order of Discharge.

11. The Defendant's (and Related Parties') collection efforts also violate the Fair Debt Collection Practices Act 15 USC 1692 et seq *Garfield v. Ocwen Loan Servicing*, No. 15-527 (2nd Cir. 2016).

12. The Defendant's wrongful and illegal conduct caused the Plaintiff to experience worries, concerns and hardships outside the course of this filing. The Defendant was chargeable with knowledge of the fact that the Plaintiff was experiencing personal hardship as the result of a divorce and business reverses. The circumstances surrounding the Defendant's violation of the automatic stay would have placed any reasonable person on notice that the Plaintiff/debtor would experience hardship and emotional harm and the Plaintiff did in fact suffer severe emotional distress stemming from the Defendant's fraud and violations of the automatic stay.

## The Contract that was Breached

13. On September 14th, 2017 Plaintiff and Defendant reached a confidential settlement agreement (without Defendant admitting liability). Plaintiff will endeavor to honor the confidentiality of the contract as per his agreement, but cannot move forward in prosecuting the breach of contract without mentioning a few basic details of the contract. Because of the confidentiality provision, Plaintiff will not attach the contract to this complaint.

14. Though Defendant did not admit liability, the main issue in Plaintiff's original lawsuit was the Defendant-caused emotional distress that caused physical sickness and trips to doctors and thus medical expenses.

15. In the written contract Defendant Gila Inc. agreed to pay Plaintiff Wescott $2500 within 20 days of September 14th, 2017.

16. On Saturday September 16th, 2017 Plaintiff Wescott reached a deal to use the incoming monies to pay off a debt to Wayne Stauble in a way that would save Plaintiff either $11,100 or $12,350 (depending on the interpretation of taxation and income). Mr. Stauble needed funds badly for medical issues.

17. Plaintiff Wescott asked Defendant Gila's attorney and agent Tamar Gabriel of Carlson and Messer LLP how the payment would occur several times over the 20 day period and could not get an answer.

18. Plaintiff Wescott informed agent Ms. Gabriel twice about the loss he would incur if he did not get the settlement funds on time.

19. Rather than issue the promised check, Defendant Gila Inc demanded private, personal, unnecessary information from the Plaintiff including his social security number. Given that Defendant Gila had already harassed him repeatedly and given the numerous complaints to the BBB and lawsuits against Defendant Gila, Plaintiff Wescott was extremely uncomfortable about the notion of providing personal private information to the party that had abused him to the point of physical sickness. Further, settlements for the infliction of physical sickness and for medical bills are non-taxable, and thus there was no need for Defendant Gila to insist on having this information.

20. When it was clear that Gila Inc. would breach the agreement, Plaintiff Wescott suggested several solutions to Ms. Gabriel, agent of Gila Inc.

21. Plaintiff Wescott also informed the agent for the Related Parties about his upcoming loss and tried to work out solutions with them, including at least one solution that Ms. Colabianchi, attorney and agent for the Related Parties, thought was reasonable.

22. Unfortunately, Gila did breach the agreement. The time to pay the settlement has passed and Plaintiff Wescott will suffer additional losses due to this breach.

23. As of this date (date of filing, October 5th, 2017), it does not appear that Gila will pay its agreed-on settlement. As of yesterday, it has already breached its agreement to pay, as per the written contract.

### Count I Breach of Contract

24. Plaintiff realleges and reincorporates preceding paragraphs 1-23.

25. Defendant Gila (and DOES 1 to 25) have therefore breached their contract with plaintiff, who has been damaged thereby in the sum of $11,100 (or $12,350 -- to be determined at trial) plus interest at the legal rate from and after the date due according to proof.

### Count II Fraud

26. Plaintiff realleges and reincorporates preceding paragraphs 1-23.

27. Defendant Gila, on September 14th, 2017 (as well as DOES 1 to 25) represented to Plaintiff that that they would pay Plaintiff Wescott within 20 days. These representations were false and defendants knew the falsity of these statements at the time they were made.

28. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, had no intention to pay Plaintiff.

29. Plaintiff relied on the representations of Defendants and would not have made the Stauble deal otherwise.

30. Plaintiff has been injured by an inability to complete the Stauble deal, a waste of his time and money, and damage to his reputation and relationships.   Plaintiff seeks compensatory damages.

31. Defendants' acts were malicious, fraudulent and oppressive, justifying an award of punitive damages so that Defendants will not engage in such conduct in the future and make an example of them.

### PRAYER FOR RELIEF

WHEREFORE PLAINTIFF PRAYS for judgment against defendants, and each of them as follows:

1. For the sum of $2,500 as promised in the original settlement agreement.

2. For interest thereon at the legal rate from and after October 4th, 2017.

3. $11,100 (or $12,350, whichever is fair) as compensatory damages to compensate Plaintiff for his loss on the Stauble deal, plus interest thereon.

3. For general damages to be proved at trial or determined by the jury for defendants' fraud.

4. For punitive damages according to proof.

5. For reasonable attorneys' fees, fees for the value of Plaintiff's time having to write up this case and prosecute it, and costs incurred herein.

6. For such other and further relief as the court may deem just and proper.

10/5/2017

Carl Wescott Pro Se

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Gila, Inc.  d/b/a MUNICIPAL SERVICES BUREAU
DOES 1 to 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Carl A. Wescott

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* 400 McAllister, San Francisco Superior Court<br>San Francisco, CA 94102    Civic Center Courthouse<br>400 McAllister Street, Room 103<br>San Francisco, CA 94102-4514 | **CASE NUMBER:**<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Carl A. Wescott, PO Box 190875, San Francisco, CA 94119

| | | |
|---|---|---|
| DATE: 10/5/2017<br>*(Fecha)* | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Carl A. Wescott<br>PO Box 190875<br>San Francisco, CA 94119<br>TELEPHONE NO.: 4153355000    FAX NO.:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94119
BRANCH NAME: Civil

CASE NAME:
Wescott versus Gila, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: TWO (2)
5. This case ☐ is ☑ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/5/2017

Carl A. Wescott
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
   domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
   harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA
## County of San Francisco

CARL A. WESCOTT,

                                        Plaintiff(s)

                    vs.

GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU
and Does 1 to 25,

                                        Defendant(s)

**CERTIFICATE OF MAILING**
(CCP 1013a (4) )

I, Rochelle Veluz, a Deputy Clerk of the Superior Court of the County of San Francisco,
certify that I am not a party to the within action.

On November 16, 2017, I served the attached ORDER TO FILE NEW LITIGATION BY
VEXATIOUS LITIGANT by placing a copy thereof in a sealed envelope, addressed as follows:

CARL A. WESCOTT
P.O. BOX 190875
SAN FRANCISCO, CA 94119

and, I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco,
CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and
mailing on that date following standard court practices.

Dated: November 16, 2017

                    CLERK OF THE COURT, T. MICHAEL YUEN

                    By: _____
                    Rochelle Veluz, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

CARL A WESCOTT

PLAINTIFF (S)

VS.

GILA, INC. DBA MUNICIPAL SERVICES
BUREAU et al

DEFENDANT (S)

**Case Management Department 610**
**Case Management Order**

**NO. CGC-17-562529**

**Order Continuing Case**
**Management Conference**

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Apr-18-2018 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Jun-27-2018 in Department 610 at 10:30 am.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED: MAR-29-2018

TERI L. JACKSON
_____

JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAR-29-2018 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  MAR-29-2018                    By: DARLENE LUM

CARL A WESCOTT
P.O BOX 190875
SAN FRANCISCO, CA  94119

CERTIFICATE OF SERVICE BY MAIL
Form 000001



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Mar-26-2018  3:10 pm

Case Number: CGC-17-562529

Filing Date: Mar-26-2018 3:08

Filed by:  BOWMAN LIU

Image: 06269638

CASE MANAGEMENT STATEMENT

CARL A WESCOTT VS. GILA, INC. DBA MUNICIPAL SERVICES BUREAU ET AL

001C06269638

**Instructions:**
Please place this sheet on top of the document to be scanned.

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Carl A. Wescott

PO Box 190875

San Francisco, CA 94119

TELEPHONE NO: 415 335 5000          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco

STREET ADDRESS: 400 McAllister        San Francisco Superior Court

MAILING ADDRESS:                      Civic Center Courthouse

CITY AND ZIP CODE:                    400 McAllister Street, Room 103

BRANCH NAME:                          San Francisco, CA 94102-4514

**F I L E D**
Superior Court of California
County of San Francisco

MAR 2 6 2018

CLERK OF THE COURT
BY: _____
Deputy Clerk

BOWMAN LIU

PLAINTIFF/PETITIONER: Carl A. Wescott

DEFENDANT/RESPONDENT: Tamar Gabriel

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| **(Check one):** [✔] **UNLIMITED CASE** (Amount demanded exceeds $25,000) | [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | CGC-17-562529 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: April 18th, 2018        Time: 10:30 am   Dept.: 610   Div.:        Room:

Address of court *(if different from the address above):*

[✔] Notice of Intent to Appear by Telephone, by *(name):* CARL A. WESTOTT

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [✔] This statement is submitted by party *(name):* Plaintiff Carl A. Wescott
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 3/22/2018 (amended)
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [✔] The following parties named in the complaint or cross-complaint
      (1) [✔] have not been served *(specify names and explain why not):*
             Gabriel, Kaminsky, Carlson Messer all added recently.  Process server hired to serve all parties.
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [✔] complaint    [ ] cross-complaint    *(Describe, including causes of action):*
      BREACH OF CONTRACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BREACH OF THE
      COVENANT OF GOOD FAITH AND FAIR DEALING, FRAUD, VIOLATION OF THE FAIR DEBT COLLECTION
      PRACTICES ACT, VIOLATION OF THE ROSENTHAL ACT, and CIVIL CAUSE FOR FRAUDULENT

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov



CM-110

| PLAINTIFF/PETITIONER: Carl A. Wescott | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Tamar Gabriel | CGC-17-562529 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
   For a Civil Cause of Action under 26 USC 7434, for an award of the damages to Plaintiff (the statutory minimum is $5,000), to be proven at trial, plus a judicial finding that the correct amount earned by Carl Wescott for the year 2017 is $0. As to Count II, Breach of Contract, the sum of $2,500 as promised in the original agreement, plus an amount in expectancy damages of $11,100 or $12,350 based on the Stauble transaction, in an amount to be proved at trial.
   ☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request  ☑ a jury trial  ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☑  days *(specify number):* 3 days will cover Plaintiff's presentation (unclear about Defense side timing)
    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
    a.  Attorney:
    b.  Firm:                    UNKNOWN
    c.  Address:
    d.  Telephone number:                    f.  Fax number:
    e.  E-mail address:                    g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
        (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2) For self-represented parties: Party ☑ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b.  **Referral to judicial arbitration or civil action mediation** (if available).
        (1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

 

CM-110

| PLAINTIFF/PETITIONER: Carl A. Wescott | CASE NUMBER: CGC-17-562529 |
|---|---|
| DEFENDANT/RESPONDENT: Tamar Gabriel | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**



CM-110

| PLAINTIFF/PETITIONER: Carl A. Wescott | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Tamar Gabriel | CGC-17-562529 |

**11. Insurance**
a. ☑ Insurance carrier, if any, for party filing this statement *(name):* none
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☑ There are companion, underlying, or related cases.
(1) Name of case: Wescott versus Gila DBA MSB (adversary proceeding that led to initial settlement)
(2) Name of court: Federal Bankruptcy Court, San Francisco division
(3) Case number: 16-10975-AJ-7
(4) Status:
☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

 

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Carl A. Wescott | CASE NUMBER:<br>CGC-17-562529 |
| DEFENDANT/RESPONDENT: Tamar Gabriel | |

17. **Economic litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other Issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: March 26th, 2018

Carl A. Wescott
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

1  Carl A. Wescott
2  PO Box 190875
   San Francisco, CA 94119
3  *in propria persona*
   +1 415 335 5000
4

5              SUPERIOR COURT OF CALIFORNIA

6               COUNTY OF SAN FRANCISCO

7

8  CARL A. WESCOTT                          Case No.  CGC-17-562529

9           Plaintiff,
                                            **Additional pages for case management
10      vs.                                 statement (CM-110)**

11 GILA, INC d/b/a MUNICIPAL SERVICES       **Case Management Conference:**
   BUREAU; CARLSON & MESSER LLP,            **April 18th. 2018**
12 TAMAR GABRIEL & DAVID KAMINSKY

13       Defendant + DOES 1 to 25

14

15 Plaintiff Carl Wescott, proceeding *pro se*, respectfully submits the following additional

16 information for the Case Management Statement for the Plaintiff.

17

18 4. Description of Case:  Originally, this case arose out of collection efforts by the Defendants

19 that the Plaintiff contended violated his automatic stay in bankruptcy and inflicted related

20 emotional damage. The case was putatively settled. The Plaintiff was issued a 1099 for the

21 settlement payment but never paid. The additional conduct of the defendants is set out in more

22 detail in the complaint.  The Defendants' actions trigger liabilities for a False Information Return

23 under 26 USC 7343, breach of contract, breach of the Fair Debt Collection Practices Act (15

24 USC 1692 et seq), breach of the Covenant of Good Faith & Fair Dealing and Intentional

25 Infliction of Emotional Distress, among other causes of action.

26

27 8. The Plaintiff is proceeding *pro se* but could very well assign this to an attorney on

28 contingency.  The Defendants have been represented by David Kaminsky and Tamar Gabriel of

                **ADDITIONAL PAGES FOR CASE MANAGEMENT STATEMENT**                    1

Carlsen & Messer LLP. As the Defendant's attorneys are now defendants, the Plaintiff is not certain whether the Defendant will retain new attorneys.

9. The case is not entitled to preference under the provisions of CCP 36.

11. The Plaintiff has no professional liability insurance but he assumes that the Defendants have bound Errors & Omissions insurance and he expects the availability of insurance to have an impact on the proceedings.

13    The Plaintiff anticipates bringing a partial Summary Judgment Motion before Trial at least on the question of liability for the Civil Cause for False Information Return, and likely other counts. The Plaintiff may need a Motion to Disqualify if new attorneys are not brought in.

18. The Plaintiff suggests that the Court consider the propriety of Mr. Kaminsky and Ms. Gabriel representing the Defendant if they are to be witnesses.

19. There has been no 3.724 meet and confer since the aborted settlement. The Plaintiff will offer to meet and confer with Defendants at the earliest practicable opportunity.

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by the statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Respectfully submitted,

Carl A. Wescott

**ADDITIONAL PAGES FOR CASE MANAGEMENT STATEMENT**



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Mar-19-2018  3:21 pm

Case Number: CGC-17-562529

Filing Date: Mar-19-2018 3:20

Filed by:  ANNA TORRES

Image: 06260114

DECLARATION

CARL A WESCOTT VS. GILA, INC. DBA MUNICIPAL SERVICES BUREAU ET AL

001C06260114

**Instructions:**

Please place this sheet on top of the document to be scanned.

1  Carl A. Wescott
2  PO Box 190875
   San Francisco, CA 94119
3  *in propria persona*
   +1 415 335 5000
4



**F I L E D**
San Francisco County Superior Court

MAR 19 2018

CLERK OF THE COURT
BY: _____
Deputy Clerk

5              SUPERIOR COURT OF CALIFORNIA

6                 COUNTY OF SAN FRANCISCO

7

8  CARL A. WESCOTT                    Case No.  CGC-17-562529

9          Plaintiff,                 **DECLARATION FOR THE COURT**
                                      **WITH A QUICK CASE UPDATE**
10         vs.

11 GILA, INC d/b/a MUNICIPAL SERVICES
   BUREAU
12
           Defendant + DOES 1 to 25
13

14         Plaintiff Carl Wescott, proceeding *pro se*, hereby provides a quick update for the Court.  I

15 apologize for the delay in taking next steps on this case.  For many weeks and months, Gila's

16 attorneys have been promising me the original settlement check.  It was my intent to receive the
17
   check and then Amend the Complaint to indicate the check had been received.  I have had over
18
19 20 promises to pay but no payment.  The original settlement agreement promised payment to me
20
   in 20 days, back in September.  In the meantime, Gila Inc has 1099'd me for monies they never
21
22 paid, and Carlson & Messer attorneys have continued their wrongdoing.  Thus, I plan to Amend

23 the Complaint, adding my more recent litany of woes, and adding Defendants, in the next few

24 days.

25         I will then serve all four Defendants post-haste.

26         Respectfully submitted,

27

28         _____
           Carl A. Wescott


                   **DECLARATION FOR THE COURT**
                   **WITH A QUICK CASE UPDATE**                              1



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

May-02-2018 11:33 am

---

Case Number: CGC-17-562529

Filing Date: Apr-30-2018 11:30

Filed by:  EDNALEEN ALEGRE

Image: 06319241

NOTICE OF UNAVAILABILITY

---

CARL A WESCOTT VS. GILA, INC. DBA MUNICIPAL SERVICES BUREAU ET AL

001C06319241

**Instructions:**
Please place this sheet on top of the document to be scanned.

1    Carl A. Wescott
2    PO Box 190875
    San Francisco, CA 94119
3    *in propria persona*
    +1 415 335 5000



**FILED**
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

APR 30 2018

CLERK OF THE COURT
BY:_____
DEPUTY CLERK

4

SUPERIOR COURT OF CALIFORNIA

5

COUNTY OF SAN FRANCISCO

6

7    CARL A. WESCOTT               Case No.  CGC-17-562529

8           Plaintiff,         NOTICE OF UNAVAILABILITY
       vs.

9

10    GILA, INC d/b/a MUNICIPAL SERVICES
    BUREAU; CARLSON & MESSER LLP,
11    TAMAR GABRIEL & DAVID KAMINSKY

12       Defendants + DOES 1 to 25

13

14           TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

15        PLEASE TAKE NOTICE, that during the period beginning May 5th through May 10th, and

16 also May 16th through May 30th, 2018, and also June 16th, 2018, through June 24th, 2018 and again

17 from June 27th to July 3rd, 2018 and again from August 1st to August 7th, 2018, Plaintiff Carl A.

18 Wescott will be unavailable for any depositions or court hearings whether by ex-parte application or

19 noticed motion, or other appearances, including, but not limited to, summary judgment and/or

20 summary adjudication hearings.

21        PLEASE TAKE FURTHER NOTICE THAT, intentionally scheduling a conflicting

22 proceeding in bad faith or without good cause with full knowledge of the unavailability of the

23 opposing party or counsel is sanctionable conduct. *Tenderloin Housing Clinic, Inc. v. Sparks*, (1992)

24 8 Cal. App. 4th 299, 307.

25

26

27 Dated: April 24th, 2018           _____

28               Plaintiff

NOTICE OF UNAVAILABILITY

1
2
3
4                                    **PROOF OF SERVICE**
5         I am over the age of 18 and not a party to this action.
6
          I am a resident of or employed in the county where the mailing occurred; my business
7    address is: 15111  N  ЭIMA  RD  SCOTTDALE  AZ  85258
8         On April 23rd, 2018 I served the foregoing document(s) described as: **NOTICE OF**
9    **UNAVAILABILITY OF PLAINTIFF** to the following parties:
10        **David Kaminski et al**
          **c/o David Kaminski**
11        **c/o Carlson Messer LLP**
          5901 W Century Blvd # 1200, Los Angeles, CA 90045
12
13        [x] (By U.S. Mail) I deposited such envelope in the mail with postage thereon fully prepaid. I
     am aware that on motion of the party served, service is presumed invalid if postal cancellation date or
14   postage meter date is more than one day after date of deposit for mailing in affidavit.
15        I declare under penalty of perjury under the laws of the State of California that the foregoing
16   is true and correct.
17
18   DATED:  4/23/2018.
19                                                 _____
20                                                 SIGNATURE OF PERSON MAILING PAPERS
21
22
23
24
25
26
27
28

                              NOTICE OF UNAVAILABILITY