**"Exhibit 4"**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARL A. WESCOTT,

    Plaintiff,

v.

GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU, CARLSON & MESSER, LLP, TAMAR GABRIEL, and DAVID KAMINSKY,

    Defendants.

No. C 18-02829 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

In this *pro se* action for breach of contract, defendants move to dismiss the first amended complaint in its entirety. For the following reasons, the motion is **GRANTED.**

## STATEMENT

*Pro se* plaintiff Carl A. Wescott filed the original complaint in state court alleging a claim for breach of a confidential settlement agreement. This contract arose out of plaintiff's 2016 bankruptcy proceeding where plaintiff was granted an order of discharge voiding plaintiff's pre-petition debt. Plaintiff was awarded $2,500 in the settlement agreement to be paid by defendants Gila, Inc., Carlson & Messer, LLP, Tamar Gabriel, and David Kaminsky (Compl. ¶¶ 10, 15).

Over the next few months, both parties communicated regarding the settlement agreement. Defendant Gila requested that plaintiff fill out a W9 tax form so that the settlement

1 funds could be issued. After plaintiff failed to do so, the bankruptcy court ordered him to
2 enforce the settlement agreement, specifically to fill out the W9 tax form. It is at this point
3 that the narratives diverge. Defendants claim that after plaintiff reluctantly filled out the
4 W9 tax form on April 25, 2018, a money order was delivered to plaintiff via two-day FedEx
5 to plaintiff's temporary address. Defendants further allege that plaintiff confirmed receipt of
6 the money order payment through email on April 29, 2018 (Dkt. Nos. 6–7).

7 Plaintiff, however, originally alleged that defendants never paid him. In his reply brief,
8 plaintiff admits that he has been paid the amount owed to him. Plaintiff further alleges that
9 defendants harassed him with a series of false promises and fraudulent claims that the payment
10 was going to be made. And due to these false promises and delay in payment, plaintiff missed
11 out on a business deal with an associate, costing him thousands of dollars, had to visit the
12 doctor several times for sickness due to emotional distress, and had a false issuance of 1099-
13 MISC form by defendants against him for money he never received (Compl. ¶¶ 12, 19).

14 Defendants removed this case to federal court on the basis of federal-question
15 jurisdiction. An order to show cause dated May 31 was issued to determine if plaintiff had
16 circumvented his pre-filing order requiring him to get approval from the state court judge
17 before filing new litigation. Since plaintiff received approval from the state judge to file his
18 initial complaint, the June 13 order resolved the issue and also stated that plaintiff was not yet
19 a vexatious litigant in federal court. Defendants now move to dismiss all claims with prejudice.
20 A motion hearing was held on July 19 and plaintiff failed to appear.

## ANALYSIS

22 A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims
23 alleged in the complaint. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).
24 All material allegations of the complaint are taken as true and are considered in the light most
25 favorable to the nonmoving party. *Ibid.* The complaint must contain sufficient factual matter to
26 "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
27 555 (2007). Where a court dismisses for failure to state a claim pursuant to FRCP 12(b)(6), it
28 should normally grant leave to amend unless it determines that the pleading could not possibly

2

be cured by the allegation of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

### 1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL ACT.

Plaintiff argues that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, by denying plaintiff his contractual benefits and making misleading statements. The FDCPA was intended "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. 1692(e). As noted by our court of appeals, the purpose of the FDCPA "is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Pressley v. Capital Credit & Collection Serv., Inc.*, 760 F.2d 922, 925 (9th Cir. 1985).

The facts alleged do not establish that Gila or any other defendant is a "debt collector" under the meaning of the act. The FDCPA defines debt collector to mean (15 U.S.C. § 1692a(6)):

> [a]ny person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Under the FDCPA's definition, an entity has to attempt to collect debts owed to another before it can ever qualify as a "debt collector." *Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718 (2017). Here, defendants are not attempting to collect debt of another but rather are tying to pay plaintiff the money owed to him as part of the settlement agreement. Accordingly, no possible claim under the FDCPA has been stated.

Plaintiff also sues under the Rosenthal Act as a supplemental state claim. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (citing Cal. Civ. Code § 1788.17). Since the Rosenthal Act encompasses

3

the same requirements as the FDCPA, plaintiff's claim fails for the same reasons as stated above. Defendants' motion to dismiss the FDCPA claim and the Rosenthal Act claim is **GRANTED.**

### 2. REMAINING STATE-LAW CLAIMS.

A federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. at 725 (1966). Plaintiff's federal claim and state claim both arise out of the facts surrounding the payment of the settlement agreement. Even though plaintiff's federal claim has been dismissed, the state-law claims remaining derive from the same nucleus of facts.

Plaintiff failed to appear for his own hearing. The Court has taken judicial notice of the bankruptcy court order directing plaintiff to fill out a W9 tax form pursuant to Rule 201(b) of the Federal Rules of Evidence (Dkt. No. 7). Plaintiff admits he was eventually paid in April 2018, making the filing of a 1099-MISC form proper. Any breach of contract or further loss incurred by plaintiff due to the delay in payment is the result of plaintiff's refusal to comply with the bankruptcy court's order. All remaining claims cannot constitute a viable action. Therefore, defendants' motion to dismiss is **GRANTED.**

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED.** Given that amendment would be futile, all claims that have been dismissed are without leave to amend. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 23, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4