# "Exhibit 5"

Carl A. Wescott
*Plaintiff, Appearing In Propria Persona*
P.O. Box 190875
San Francisco, CA 94119
(415) 335-5000

Charles R. Messer (SBN 101094)
messerc@cmtlaw.com
CARLSON & MESSER LLP
5901W. Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendants,
GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU; CARLSON & MESSER LLP;
TAMAR G. ELLYIN (erroneously sued as "TAMAR GABRIEL");
DAVID J. KAMINSKI (erroneously sued as "DAVID KAMINSKY")

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **CARL A. WESCOTT,** | CASE NO.: 3:18-cv-02829-WHA |
| PLAINTIFF, | Judge William Alsup |
| vs. | **JOINT CASE MANAGEMENT STATEMENT** |
| **GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU; CARLSON & MESSER, LLP; TAMAR GABRIEL; DAVID KAMINSKY;** | Fed. R. Civ. P. 26(f) |
| DEFENDANTS. | Date: July 19, 2018<br>Time: 8:00 a.m.<br>Dept.: Courtroom 12, 19th Floor |

{00096143;1}    1

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Pro Per Plaintiff CARL A. WESCOTT ("Plaintiff") and counsel for Defendants GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU; CARLSON & MESSER LLP; TAMAR G. ELLYIN (erroneously sued as "TAMAR GABRIEL"); DAVID J. KAMINSKI (erroneously sued as "DAVID KAMINSKY") (collectively referred to as the "Defendants") conferred to discuss the matters set forth in Rule 16, Rule 26(f), and the Court's Order dated May 23, 2018 (Dkt. No. 10) and June 12, 2018 (Dkt. No. 15), setting the Initial Case Management Conference. The parties hereby submit their Joint Case Management Statement:

1. **Jurisdiction and Service:**

The parties agree that this Court's jurisdiction is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") and alleged filing of a fraudulent information return under 26 U.S.C. § 7434. This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

The parties are not aware of any issues regarding personal jurisdiction or venue.

The parties are not aware of any additional parties to be served.

2. **Facts:**

**Plaintiff's Contentions:** The Defendant GILA admittedly undertook collection efforts in violation of the Plaintiff's automatic stay in bankruptcy. As a result, the Plaintiff filed an adversary proceeding. The parties negotiated a settlement in which GILA agreed to pay the Plaintiff $2,500 for this violation. The Plaintiff communicated to GILA's legal representatives, C&M, Kaminski & Ellyn (collectively "C&M") that he was battling homelessness, on food stamps and in desperate need of the payment. He further advised C&M that he had no bank account and thus asked to be paid with a money order or a check drawn on a national bank with a branch in San Francisco. The Plaintiff further advised C&M of some other limitations due to his situation regarding travel and communications. The Plaintiff alleges that C&M serially set and violated a number of time commitments for payment; intentionally sent the payment (once) in a form the Plaintiff could not readily negotiate at a time when C&M knew the Plaintiff would be unavailable to even pick of the check and otherwise delayed performance intentionally maximizing the Plaintiff's inconvenience, hardship and emotional stress. C&M promised to send payment at least a dozen times over a 7 month period, failing each time. Plaintiff believes that C&M undertook these obstructive actions at the direction of GILA for the

purpose of retaliating against the Plaintiff for filing bankruptcy and asserting other consumer rights. Plaintiff agreed to settle his underlying Adversary Proceeding against Defendant GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU ("GILA") in the expectation of receiving prompt payment as promised (within 20 days of September 14th, 2017) in a form the Plaintiff could negotiate.

The Plaintiff contends that C&M and GILA intentionally delayed paying him for seven months, missing over 12 promised payment dates, for the sole purpose of inflicting injury and anguish in retaliation for the Plaintiff's assertion of his legal rights. The Plaintiff contends that he afforded GILA and C&M many opportunities to perform as memorialized in many contemporaneous e-mails but that GILA and C&M repeatedly failed and refused to perform as required. The Plaintiff spoke with Defendants Ellyin and Kaminski on many occasions and documented each call and each promise to send payment via money order and thus the record is and shall be quite clear on these issues.

Only after Plaintiff sued and served C&M and two individual Defendants with this lawsuit, seven months later, did C&M finally deign to make the payment.

**Defendants:**

GILA contends it fully performed on the Settlement Agreement, and the Plaintiff has confirmed receipt of the settlement funds. Plaintiff filed a First Amended Complaint adding GILA's defense counsel, C&M, Kaminski and Ellyin, adding causes of action under 26 U.S.C. 7434; the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Breach of the Covenant of Good Faith and Fair Dealing, and Intentional Infliction of Emotional Distress.

The Defendants contend that Defendants C&M, Kaminski and Ellyin's only contact with Plaintiff was during an arm's length negotiation of a settlement resolving the Adversary Proceeding against GILA.

3. **Legal Issues**

**Plaintiff's Contentions:**

The Plaintiff contends that GILA filed a false tax information for tax year 2017 with a 1099 to the Plaintiff receiving funds in 2017 (which did not occur). The Plaintiff also

{00096143;1}

3

contends that the Defendants thereby breached the Covenant of Good Faith & Fair Dealing which inhered in the Settlement Contract. The Plaintiff contends that the Defendants were aware of his precarious financial position and intended to inflict emotional injury on the Plaintiff by repeatedly promising payment and then delaying payment or sabotaging the Plaintiff's ability to receive the funds putatively "paid". The Defendants' retaliatory intent violated the FDCPA and the RFDCPA.

The Plaintiff had informed C&M that he would be out of the country as a guest, and C&M twice intentionally filed *ex parte* motions during that time period, knowing Plaintiff could not respond or attend. Plaintiff could not respond to or attend the Motion to Enforce Settlement.

**Defendants:**

Defendants deny that they violated either 26 U.S.C. 7434, the FDCPA, RFDCPA, the Breach of the Covenant of Good Faith and Fair Dealing, and further deny that they caused any Intentional Infliction of Emotional Distress upon the Plaintiff or committed fraud. As set forth in greater detail in Defendants' Motion to Dismiss, Defendants contend the majority of these claims are barred by the litigation privilege or Plaintiff's failure to assert these claims in Opposition to GILA's Motion to Enforce Settlement in the prior bankruptcy proceeding.

4. **Motions**

**Defendant:**

Defendant has filed a Motion to Dismiss Plaintiff's FAC pending before this Court (Dkt. No. 6). Depending on how the Court rules on the Motion to Dismiss, if appropriate, Defendants may file an anti-SLAPP motion, and if successful, a motion for fees and costs.

Defendant further respectively reserves the right to file a motion for summary judgment.

**Plaintiff**

The Plaintiff intends to file for summary judgment in relation to his 26 USC 7434 claim.

5. **Amendment of Pleadings**

**Plaintiff:** The Plaintiff does not presently intend to amend but reserves his right to do so.

**Defendant:**

Defendant does not intend to amend or supplement the pleadings.

6. **Evidence Preservation**

Plaintiff and Defendants will preserve relevant evidence, including electronically filed documents.

7. **Disclosures**

The parties will exchange the information required by Federal Rules of Civil Procedure 26(a)(1) on or before July 16, 2018.

8. **Discovery**

Neither party has yet initiated any discovery in this case. The parties do not require any limitations on discovery. The parties will meet and confer regarding the terms of a Stipulated Protective Order if necessary. The parties jointly propose to the Court the following discovery plan:

**a) All fact discovery will be commenced in time to be completed by March 1, 2019.**

The number of interrogatories, requests for admissions, and requests for production of documents, as well as the number and length of depositions shall be as set forth in the Federal Rules of Civil Procedure.

**b)** **Disclosure of experts under Federal Rule of Civil Procedure 26 (e)(2) due:**

All parties will provide the disclosures required on or before December 21, 2018. Counter-designations of experts will be made on or before January 18, 2019. Expert discovery will be completed by March 15, 2019.

9.  **Class Action**

    This is not a class action.

10. **Related Cases**

    None.

11. **Relief**

    **Plaintiff:** The Plaintiff will seek to obtain compensatory damages in amounts to be proved at trial, statutory damages under 26 USC 7434 and the FDCPA and RFDCPA and exemplary damages for intentional infliction of emotional distress.

    **Defendant:** Defendant will seek to dismiss Plaintiff's case with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

12. **Settlement and ADR**

    The parties agree to mediation under ADR auspices.

13. **Consent to a Magistrate Judge**

    **Plaintiff:** The Plaintiff would consent to have the matter tried before a Magistrate Judge.

    **Defendant**: Defendant declines to have the matter tried before a Magistrate Judge.

14. **Other References**

    Not applicable.

15. **Narrowing of Issues**

    The parties agree it is premature to attempt to narrow the issues.

16. **Expedited Scheduling**

    The Parties do not want an expedited trial.

17. **Scheduling**

    The parties propose that the cut-off date for fact discovery be **March 1, 2019**; the cut-off for expert discovery be March 15, 2019; the last day for the Court to hear dispositive motions be May 21, 2019, a pretrial conference be held on July 3rd, 2019; and trial on July 29th, 2019.

18. **Trial**

    The parties request a trial by jury. The parties estimate that this case will take

{00096143:1}  6

approximately 3-4 days for trial. It is anticipated that the case will be ready for trial by July 29th, 2019.

19. **Disclosure of Non-Party Interested Entities or Persons**

Not applicable.

20. **Other Matters**

None at this time.

Respectfully submitted this 12th day of July, 2018.

By: /s/ Carl A. Wescott
Carl A. Wescott
*Plaintiff, Appearing In Propria Persona*

By: /s/Charles R. Messer
Charles R. Messer
Carlson & Messer LLP
Attorney for Defendants

## SIGNATURE CERTIFICATION

Pursuant to Civil L.R. 5-1(i)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Plaintiff Carl Wescott and that I have obtained authorization to affix his electronic signature to this document.

By: /s/Charles R. Messer
Charles R. Messer

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5901 West Century Blvd., Suite 1200, Los Angeles, California 90045.

On **July 12, 2018**, I served the foregoing document(s) described as: **JOINT CASE MANAGEMENT STATEMENT** on all interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[X] **BY MAIL:** I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am readily familiar with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[X] **BY ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[] **BY OVERNIGHT DELIVERY:** I deposited the above document(s) in a box or other facility regularly maintained by FedEx in an envelope or package designated by FedEx with delivery fees paid or provided for.

[] **(STATE):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **12th** day of **July, 2018** at Los Angeles, California.

Susie Valiente

{00096182;1}

1

# SERVICE LIST

*Carl Alexander Wescott v. GILA*
Case No. 3:18-cv-02829-WHA
File No. 09190.00

| Carl Alexander Wescott<br>PO Box 190875<br>San Francisco, CA 94119<br>Tel: (415) 335-5000 | **In Pro Per** |

{00096182;1}

2