IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARL A. WESCOTT,

    Plaintiff,

v.

GILA, INC. d/b/a MUNICIPAL SERVICES BUREAU, CARLSON & MESSER, LLP, TAMAR GABRIEL, and DAVID KAMINSKY,

    Defendants.

No. C 18-02829 WHA

**ORDER DENYING MOTION TO SET ASIDE JUDGMENT**

## INTRODUCTION

Plaintiff, proceeding *pro se*, moves for relief from judgment against him following dismissal of his complaint. For the foregoing reasons, plaintiff's motion is **DENIED**.

## STATEMENT

The background of this action is set forth in a prior order (Dkt. No. 27). In brief, p*ro se* plaintiff Carl A. Wescott filed the original complaint in state court alleging breach of a settlement agreement stemming from a bankruptcy proceeding. The settlement agreement awarded plaintiff $2,500. Despite defendant Gila, Inc.'s requests, plaintiff refused to fill out a W9 tax form so that the settlement funds could issue. The bankruptcy court accordingly ordered plaintiff to fill out the W9 tax form. Although plaintiff originally alleged that defendants never paid him, he later admitted that he was paid the amount owed. Nevertheless, the complaint alleged that defendants made false promises regarding payment and, as a result,

plaintiff missed out on a lucrative business deal and suffered emotional distress (Dkt. Nos. 1-1, 17).

A July 2018 order dismissed plaintiff's complaint for failure to state a claim. With respect to plaintiff's state-law claims, the dismissal order concluded that any breach of contract due to defendant's delay in payment was the result of plaintiff's earlier refusal to comply with the bankruptcy court's order. The dismissal order further concluded that plaintiff's remaining claims for intentional infliction of emotional distress, breach of the covenant of good faith and fair dealing, and fraud did not constitute viable claims and that amendment would be futile. A motion hearing was held on defendant's motion to dismiss but plaintiff failed to appear (Dkt. Nos. 26–28).

Through the instant motion, plaintiff moves to set aside the judgment and for leave to file an amended complaint based on FRCP 59(e), 60(b)(2), and 60(b)(6) (Dkt. No. 30). This order follows full briefing and oral argument.

**ANALYSIS**

Amendment or alteration of a judgment is appropriate under FRCP 59(e) if any of the following conditions are met: (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). This is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). FRCP 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Under FRCP 60(b)(2) and (b)(6), respectively, "the court may relieve a party . . . from a final judgment" for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or "any other reason that justifies relief." The latter reason "is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief." *Johnson v. CFS II, Inc.*, 628 Fed.

2

1 Appx. 505, 505 (9th Cir. 2016) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

Plaintiff's motion fails to identify newly discovered evidence or an intervening change in controlling law. Rather, plaintiff asserts that the July 2018 dismissal order clearly erred by resolving disputed factual issues in ruling on defendants' motion to dismiss pursuant to FRCP 12(b)(6). Plaintiff's motion, however, only attempts to "relitigate old matters" by rehashing previously rejected arguments that defendants' delay in paying the settlement funds — and plaintiff's various communications with defendants concerning those funds — give rise to claims for contract and tort liability. To the extent plaintiff raises new arguments, they are arguments "that could have been raised prior to the entry of judgment." Plaintiff identifies no other basis under FRCP 59(e) or 60(b) for altering or amending the judgment against him.

## CONCLUSION

Based on the foregoing, plaintiff's motion to set aside the judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 28, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE